(No. 69845.—

GRANITE CITY LODGE No. 272, LOYAL ORDER OF
THE MOOSE, Appellee, v. THE CITY OF GRAN-
ITE CITY; Appellant.

*Opinion filed November 21, 1990.—Rehearing denied
February 4, 1991.*

Mark Goldenberg, Susan Bacon, and Edward C. Fitzhenry, Jr., of Granite City, for appellant.

Maurice Dailey, of Dailey & Walker, P.C., of Granite City, for appellee.

JUSTICE CLARK delivered the opinion of the court:

The issue in this case is whether the time for filing a notice of appeal is tolled until the parties receive actual notice of an order disposing of a post-trial motion. We hold that actual notice is not required, so long as the order appealed from was expressed publicly, in words and at the situs of the proceeding.

Defendant, the City of Granite City, filed with the fifth district of the appellate court a motion for extension of time to file a notice of appeal. (107 Ill. 2d R. 303(e).) The appellate court denied the motion based on a lack of jurisdiction. We granted defendant's petition for leave to appeal (107 Ill. 2d R. 315).

The record reveals the following pertinent facts. On October 29, 1988, a jury in the circuit court of Madison County returned a verdict in favor of plaintiff, Granite

City Lodge No. 272, Loyal Order of the Moose. The jury awarded damages of $125,000 for loss of property use. On November 1, 1988, the trial court entered judgment on the verdict.

On January 30, 1989, after the trial court granted defendant's motions for extensions of time to file post-trial motions, defendant timely filed a motion for a new trial, or, in the alternative, for a judgment notwithstanding the verdict. On June 9, 1989, the trial court heard oral arguments and entered an order taking the motion under advisement.

On June 26, 1989, the trial court entered an order denying defendant's post-trial motion and instructing the clerk to serve notice upon the parties. The trial court's docket sheet contains a June 26 entry recording the order and a June 27 entry indicating that the clerk sent copies of the order to the parties.

Sometime after June 27, plaintiff received in the mail a copy of the June 26 order. However, plaintiff took no action until September 8, 1989, when in a letter to the city attorney for defendant, plaintiff requested information regarding any steps defendant was taking to pay the judgment amount. At oral arguments, defendant stated that because its attorneys believed the post-trial motion was still pending, defendant did not respond to plaintiff's September 8 letter.

On October 10, 1989, plaintiff sent a letter to the city treasurer for defendant requesting that defendant make "immediate arrangements to pay the amount of the verdict." This letter included a copy of the trial court docket sheet, which showed the entry of the trial court's June 26 order disposing of defendant's post-trial motion.

Two days after receiving plaintiff's October 10 letter, defendant filed with the appellate court a motion for extension of time to file a notice of appeal. (107 Ill. 2d R. 303.) The appellate court denied defendant's motion, hold-

ing that it did not have jurisdiction to entertain the motion because neither the notice of appeal (107 Ill. 2d R. 303(a)) nor the motion for extension of time to file a notice of appeal (107 Ill. 2d R. 303(e)) was timely filed.

Supreme Court Rule 303 establishes the requirements for appellate court jurisdiction. (107 Ill. 2d R. 303.) Rule 303(a) provides in pertinent part:

> "[N]otice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, *within 30 days after the entry of the order disposing of the last-pending post-trial motion.*" (Emphasis added.) (107 Ill. 2d R. 303(a).)

In the event the time requirements of Rule 303(a) are not met, appellate jurisdiction may be obtained under Rule 303(e), which provides in pertinent part:

> "On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, \*\*\* filed in the reviewing court. *within 30 days after expiration of the time for filing a notice of appeal,* the reviewing court may grant leave to appeal \*\*\*." (Emphasis added.) 107 Ill. 2d R. 303(e).

Defendant filed its motion for extension of time under Rule 303(e); therefore, the time limit for filing this motion is determined by reference to the deadline for filing a notice of appeal under Rule 303(a). (107 Ill. 2d R. 303(e).) Under Rule 303(a), the time for filing a notice of appeal depends on the effective date of the judgment or order denying a post-trial motion. Supreme Court Rule 272 provides in pertinent part:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." (107 Ill. 2d R. 272.)

Under Rule 272, a written judgment order is final when signed and filed with the clerk of court. (107 Ill. 2d R. 272.) Under Rule 303(a) a party has 30 days from the date the judgment is entered to file a notice of appeal, and an additional 30 days to file a motion for extension of time to file a notice of appeal under Rule 303(e). 107 Ill. 2d R. 303(e).

Defendant argues there are special circumstances in this case which warrant an exception to the requirements of Rules 303(a) and 303(e). Defendant argues it did not receive any notice of the trial court's June 26 order until October 11, when it received plaintiff's second letter. Therefore, defendant argues the order was not effective and the period for filing its notice of appeal under Rule 303(a) should have been tolled. Defendant bases this argument on this court's decision in *People ex rel. Schwartz v. Fagerholm* (1959), 17 Ill. 2d 131.

In *Fagerholm*, this court held that to be effective, a judgment must be "expressed publicly, in words, and at the situs of the proceeding." (*Fagerholm*, 17 Ill. 2d at 135.) This court held that "to protect [the interests of the litigants and public] it is necessary that they be apprised that a decision has been made by the judge and what the decision is. They would be so apprised when it has been expressed publicly, in words and at the situs of the case." (*Fagerholm*, 17 Ill. 2d at 136.) A judgment "becomes public at the situs of the proceeding when it is filed with the clerk of the court." *Fagerholm*, 17 Ill. 2d at 137.

We note that at the time *Fagerholm* was decided, Illinois distinguished judgments at law from decrees in equity when determining the statutory time for appeal. Judgments at law were valid when pronounced by the court, while equitable decrees were not effective until reduced to writing. Supreme Court Rule 272 has since eliminated this distinction. (107 Ill. 2d R. 272.) Rule 272 does

not, however, change *Fagerholm* with respect to the essential elements needed for effective court action: public expression, in words and at the situs of the proceeding. *Fagerholm*, 17 Ill. 2d at 135.

In the present case, the trial court signed the order denying defendant's post-trial motion and filed it with the clerk. The order itself bears a stamp showing it was filed with the clerk of the court on June 26, 1989, and an entry on the trial court docket sheet shows the same. Under our holding in *Fagerholm*, the order was made public and was therefore effective on June 26, 1989, the date it was entered. (107 Ill. 2d R. 272.) Under Rule 303(a), the notice of appeal was due July 26, 1989, 30 days after the judgment was entered. (107 Ill. 2d R. 303(a).) Under Rule 303(e), defendant had until August 25, 1989, 30 days from the due date of the notice of appeal, to file a motion for extension of time to file the notice of appeal. 107 Ill. 2d R. 303(e).

In addition to relying on *Fagerholm*, defendant argues the appellate court ruling will lead to future confusion in the appellate process. According to defendant, because the appellate court ruling undermines the confidence attorneys place in circuit court clerks, parties will be required to check the status of pending cases on a periodic basis. Defendant argues that this will lead to future debate regarding the form and substance of such inquiry. We are unpersuaded by this argument. Because defendant made no inquiry into the status of its motion for over three months, defendant may not now argue that an inquiry might not have been productive.

For the above reasons, we affirm the order of the appellate court.

*Affirmed.*