GILES CHILDERS, d/b/a Childers Construction Company, Plaintiff-Appellant, v. BRIAN KRUSE *et al.*, Defendants-Appellees.

Second District    No. 2—97—0710

Opinion filed June 22, 1998.—Rehearing denied July 24, 1998.

John R. LeComte, of Savanna, for appellant.

John A. Leemon and J. Jerry Kane, both of Leemon & Kane, of Mt. Carroll, for appellees.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Giles Childers, d/b/a Childers Construction Company, sued defendants, Brian and Elizabeth Kruse, for balance due on a construction contract. Defendants filed a counterclaim, alleging that plaintiff failed to perform the contract in a workmanlike manner. The trial court ruled in defendants' favor, awarding damages, attorney fees, and costs. After his posttrial motion was denied, plaintiff filed a petition to vacate the entry of the order denying that motion. The trial court denied the petition, and plaintiff appealed.

On appeal, plaintiff argues that the trial court erred in (1) denying his petition to vacate; (2) concluding that he failed to comply substantially with the contract; (3) calculating the defendants' damages; and (4) awarding attorney fees. In response, defendants argue that this court lacks jurisdiction to hear plaintiff's appeal. In the alternative, defendants argue that the trial court's rulings were proper. We affirm in part and dismiss in part.

## I. JURISDICTION

### A. Facts

We begin by addressing defendants' motion to dismiss, which we ordered taken with the appeal. The pertinent facts are as follows. On June 9, 1995, the trial court entered judgment in defendants' favor. On July 10, 1995, plaintiff filed a posttrial motion to vacate or reduce that judgment. On August 28, 1995, after hearing oral arguments, the trial court took plaintiff's posttrial motion under advisement. On February 21, 1997, the trial court signed and filed a memorandum opinion containing an order denying plaintiff's posttrial motion.

On July 3, 1997, pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1996)), plaintiff filed a petition to vacate "the entry of the Memorandum Opinion filed February 21, 1997." In that petition, plaintiff argued that the trial court had failed to notify the parties of the February 21, 1997, memorandum opinion. As a result, plaintiff did not learn of the trial court's ruling until June 7, 1997, when plaintiff's counsel received a copy of the memorandum opinion from defendants' counsel. Arguing that he was neither in

default nor attempting to delay the proceedings, plaintiff asked the trial court to vacate the entry of the February 21, 1997, memorandum opinion. On July 15, 1997, the trial court denied plaintiff's petition. On July 18, 1997, plaintiff filed a notice of appeal stating that he was appealing from "the Judgment entered June 9, 1995, and the Memorandum Opinion entered February 21, 1997, and the Memorandum Opinion entered July 15, 1997."

Defendants argue that we do not have jurisdiction over this appeal because plaintiff's July 18, 1997, notice of appeal was filed more than 30 days after the February 21, 1997, order denying plaintiff's posttrial motion. See 155 Ill. 2d R. 303(a). Conceding that plaintiff did not receive actual notice of the February 21, 1997, order until more than three months after it was filed, defendants nevertheless insist that plaintiff had a duty to monitor his case and determine whether the trial court had ruled. In response, plaintiff argues that we should excuse his late notice of appeal because he reasonably expected the trial court to rule by mail and was under no obligation to monitor his case.

## B. Analysis

■ A timely notice of appeal is both jurisdictional and mandatory. *Waters v. Reingold*, 278 Ill. App. 3d 647, 651 (1996). Under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)), a notice of appeal must be filed "within 30 days after the entry of the order disposing of the last pending post-judgment motion." However, "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time," the appellate court may extend this period for an additional 30 days. 155 Ill. 2d R. 303(d). For Rule 303 purposes, the entry of an order occurs when the trial court signs that order and files it with the court clerk. *Granite City Lodge No. 272 v. City of Granite City*, 141 Ill. 2d 122, 126-27 (1990). This is true even if the parties do not have actual notice of the order's filing. *Granite City*, 141 Ill. 2d at 126-27; *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 148-49 (1994).

Both *Granite City* and *Mitchell* are highly instructive on this issue. In *Granite City*, the trial court signed and filed an order on June 26, 1989, denying the defendant's timely posttrial motion. The trial court's docket sheet contained a June 26, 1989, entry recording the order and a June 27, 1989, entry stating that the clerk had mailed copies of the order to the parties. The defendant, however, did not receive the June 26, 1989, order until October 10, 1989, when it received a copy from the plaintiff. The defendant immediately moved for leave to appeal under Rule 303(d). The appellate court dismissed the motion for a lack of jurisdiction because neither the motion nor the notice of appeal was timely filed. *Granite City*, 141 Ill. 2d at 124-25.

The question for the Illinois Supreme Court was "whether the time for filing a notice of appeal is tolled until the parties receive actual notice of an order disposing of a post-trial motion." *Granite City*, 141 Ill. 2d at 123. Answering this question in the negative, the court held that "actual notice is not required, so long as the order appealed from is expressed publicly, in words and at the situs of the proceeding." *Granite City*, 141 Ill. 2d at 123. The order denying the defendant's posttrial motion was expressed publicly, in words and at the situs of the proceeding, on June 26, 1989, when it was signed and filed with the clerk. *Granite City*, 141 Ill. 2d at 127. The defendant therefore had until July 26, 1989, to file its notice of appeal and until August 25, 1989, to file its motion for leave to file a late notice of appeal. *Granite City*, 141 Ill. 2d at 127. The defendant missed both deadlines, and the appellate court properly dismissed the defendant's appeal for a lack of jurisdiction. *Granite City*, 141 Ill. 2d at 127.

In *Mitchell*, the trial court filed its final order on March 1, 1991. Although the order stated that the clerk would mail a copy of the order to the attorneys, neither of the attorneys received the order. On April 25, 1991, after learning that the parties had not received the order, the trial court instructed Mitchell's attorney to prepare a section 2—1401 petition to vacate the entry of the March 1, 1991, order. Mitchell's attorney complied, and, after granting Mitchell's petition, the trial court reentered its final order effective April 29, 1991. Mitchell appealed, and the appellate court reversed the trial court's judgment. *Mitchell*, 158 Ill. 2d at 145-47.

The Illinois Supreme Court held that the appellate court did not have jurisdiction over the appeal. Relying on *Granite City*, the court explained that the order denying Mitchell's posttrial motion was expressed publicly, in words and at the situs of the proceeding, on March 1, 1991, when it was signed and filed with the clerk. *Mitchell*, 158 Ill. 2d at 148-49. Mitchell therefore had until April 1, 1991, to file his notice of appeal. Mitchell did not file the notice of appeal, however, until sometime after April 29, 1991, well beyond the permitted 30 days. Consequently, Mitchell's appeal was untimely, and the appellate court did not have the jurisdiction to hear it. *Mitchell*, 158 Ill. 2d at 148-49. Acknowledging that its decision might be harsh, the *Mitchell* court nevertheless emphasized that "[counsel's failure to] receive actual notice of the March 1 order, even if caused by clerical oversight, does not excuse counsel's failure to monitor his case closely enough to become aware that the circuit court had ruled." *Mitchell*, 158 Ill. 2d at 151.

 The present case is controlled by *Granite City* and *Mitchell*. The order denying plaintiff's posttrial motion was expressed publicly,

in words and at the situs of the proceeding, on February 21, 1997, when it was signed and filed with the clerk. See *Mitchell*, 158 Ill. 2d at 148-49; *Granite City*, 141 Ill. 2d at 126-27. Plaintiff therefore had until March 24, 1997, to file his notice of appeal from the June 9, 1995, and February 21, 1997, orders. Plaintiff filed his notice of appeal on July 18, 1997, almost four months beyond the deadline. The fact that plaintiff did not receive actual notice of the February 21, 1997, ruling until June 7, 1997, is of no consequence, as it was plaintiff's counsel's duty "to monitor his case closely enough to become aware that the circuit court had ruled." *Mitchell*, 158 Ill. 2d at 151. A timely notice of appeal being jurisdictional, we have no choice but to dismiss plaintiff's appeal from the June 9, 1995, and February 21, 1997, orders.

Plaintiff attempts to distinguish *Mitchell* in two ways, but we find neither distinction compelling. First, plaintiff argues that, in *Mitchell*, the parties were not expecting to receive a copy of the order by mail and therefore should have been monitoring the status of their case. Here, by contrast, plaintiff reasonably expected to receive a ruling by mail. Plaintiff points to Rule 3.1(f) of the fifteenth judicial circuit, which reads:

> "*On briefs only.* At the discretion of the judge assigned to the case, motions may be taken by the court by mail only with each party submitting briefs and the court ruling by mail with no oral argument or hearing unless ordered by the court." 15th Judicial Cir. Ct. R. 3.1(f) (eff. July 1, 1985).

Conceding that the record provides no indication as to whether the trial court expressly stated that it would rule by mail, plaintiff nevertheless argues that the trial court was obligated to rule by mail under Rule 3.1(f). Because the trial court failed to mail its ruling as required, that ruling did not become final until the parties received actual notice of it.

In support of his position, plaintiff cites *Graves v. Pontiac Fire-fighters' Pension Board*, 281 Ill. App. 3d 508 (1996). In *Graves*, the trial court entered a written order on April 8, 1995, stating that it would take the evidence under advisement and mail its final order to the parties. On June 20, 1995, the trial court filed its final order but did not mail it to the parties. After realizing its mistake, the trial court entered a new order stating that the June 20, 1995, order would be final for appeal purposes as of August 21, 1995, the date the new order was mailed to the parties. On September 5, 1995, the Board filed its notice of appeal. *Graves*, 281 Ill. App. 3d at 515-16.

In concluding that it possessed jurisdiction over the Board's appeal, the appellate court expressly distinguished *Mitchell*. In *Mitchell*, it pointed out, the trial court had never stated that it would rule by

mail, and therefore the parties had no reason to expect a ruling by mail. In *Graves*, by contrast, the trial court entered an order expressly providing that it would rule by mail. Until the trial court complied with that order by mailing its ruling to the parties, the ruling was not final. Thus, the appellate court concluded, the ruling became final not on June 20, 1995, the day it was filed, but on August 21, 1995, the day it was mailed. The Board's September 5, 1995, notice of appeal therefore was timely. *Graves*, 281 Ill. App. 3d at 516.

Plaintiff's reliance on *Graves* is misplaced. In *Graves*, the record contained an order expressly stating that the trial court would rule by mail. Here, there is absolutely nothing in the record to suggest that the trial court intended to rule by mail. Nor can such an intent be inferred from Rule 3.1(f). Titled "On briefs only," Rule 3.1(f) addresses situations in which the parties submit their briefs by mail and the trial court rules by mail. Plaintiff does not suggest, and nothing in the record indicates, that any of the proceedings surrounding plaintiff's posttrial motion were conducted by mail. In fact, plaintiff's notice of motion stated that plaintiff would appear before the trial court on August 28, 1995, to request a hearing on his posttrial motion, and the trial court's docketing statement confirms both that the parties appeared on that date and that a hearing was held in open court. Thus, Rule 3.1(f) is wholly inapplicable.

Plaintiff also argues that *Mitchell* is distinguishable because, in that case, the clerk made a docket entry showing that the trial court's judgment order had been signed and filed. In the present case, by contrast, no docket entry exists for the trial court's February 21, 1997, order. Although we acknowledge this factual distinction, we fail to understand its relevance to the present case. Plaintiff does not argue that the absence of a docket entry renders the February 21, 1997, order invalid. Such an argument would be baseless, as it is well established that a written judgment order becomes final when it is signed and filed with the clerk of the court, not upon entry in the docket. See *Granite City*, 141 Ill. 2d at 126. Nor does plaintiff attribute his late notice of appeal to the absence of a docket entry for the February 21, 1997, order. In fact, in an affidavit describing how he first learned of the February 21, 1997, order, plaintiff's counsel makes no mention of even once having checked either the docketing sheet or the court file during the 18 months that plaintiff's motion was pending. Having made no inquiry into the status of his motion, plaintiff may not now argue that such an inquiry might not have been productive. See *Granite City*, 141 Ill. 2d at 127.

Accordingly, we conclude that plaintiff failed to file a timely notice of appeal from the trial court's June 9, 1995, and February 21, 1997,

orders. We therefore grant defendants' motion to dismiss this appeal as it relates to those orders.

■ Turning now to the July 15, 1997, order denying plaintiff's section 2—1401 petition, we must apply a slightly different analysis. This is because a section 2—1401 petition, although filed in the same proceeding, is the commencement of a new cause of action and is not a continuation of the proceeding in which the prior judgment was entered. *La Rabida Children's Hospital & Research Center v. Harrison*, 263 Ill. App. 3d 790, 796 (1994). Likewise, an appeal from the denial of a section 2—1401 petition is a proceeding wholly separate from an appeal from the original judgment. Thus, plaintiff's right to appeal from the denial of his section 2—1401 petition depends not upon a timely notice of appeal from the original judgment but upon a timely notice of appeal from the July 15, 1997, order.

■ The order denying plaintiff's section 2—1401 petition was expressed publicly, in words and at the situs of the proceeding, on July 15, 1997, when it was signed and filed with the clerk. See *Mitchell*, 158 Ill. 2d at 148-49; *Granite City*, 141 Ill. 2d at 126-27. Under Supreme Court Rule 303(a), plaintiff had until August 14, 1997, to file his notice of appeal from that order. Plaintiff filed his notice on July 18, 1997, well before the deadline. Therefore, we have the jurisdiction to review the trial court's July 15, 1997, order, and defendants' motion to dismiss plaintiff's appeal as it relates to that order is denied.

## II. PLAINTIFF'S SECTION 2—1401 PETITION

■ We now turn to the trial court's denial of plaintiff's section 2—1401 petition. A section 2—1401 proceeding is a new action, subject to the usual rules of civil practice. *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 204-05 (1993). Although a section 2—1401 petition arises out of the same proceeding in which the order or judgment to which it is directed was entered, it is a collateral attack on the judgment. *Ptaszek v. Michalik*, 238 Ill. App. 3d 72, 76 (1992). The purpose of a section 2—1401 petition is to bring before the court matters of fact not appearing in the record, which if known to the court at the time the judgment was entered would have prevented the judgment's entry. *Cartwright v. Goodyear Tire & Rubber Co.*, 279 Ill. App. 3d 874, 882 (1996). Section 2—1401 may not be used where the only relief sought is the reentry of the court's judgment. *Mitchell*, 158 Ill. 2d at 149.

■ In a section 2—1401 proceeding, as in every civil case, the right to relief must be adequately alleged and proved. *Klein*, 155 Ill. 2d at 205. The proceeding is instituted by the filing of a petition supported by "affidavit or other appropriate showing as to matters not of rec-

ord." 735 ILCS 5/2—1401(b) (West 1996). Like a complaint, the petition must be legally sufficient in affirmatively setting forth specific allegations supporting the right to relief. *Klein*, 155 Ill. 2d at 205. The allegations must set forth a meritorious defense to the original action and the petitioner's due diligence in both presenting the defense and filing the petition. *Klein*, 155 Ill. 2d at 205. Whether to grant relief pursuant to section 2—1401 is for the trial court's discretion, and we will not disturb the trial court's decision absent an abuse of that discretion. *Kaput v. Hoey*, 124 Ill. 2d 370, 378 (1988).

■ After reviewing plaintiff's section 2—1401 petition, we hold that the trial court did not abuse its discretion in refusing to grant plaintiff his requested relief. Plaintiff's petition did not even purport to identify facts which, if known at the time, might have altered the trial court's substantive ruling on plaintiff's posttrial motion. Nor did the petition allege either the existence of a meritorious defense or the exercise of due diligence. Instead, the petition alleged simply that plaintiff did not learn of the February 21, 1997, order until June 7, 1997. Second, plaintiff sought to vacate not the February 21, 1997, judgment itself, but only "the entry of" that judgment. As plaintiff's counsel explained during the hearing on plaintiff's petition:

> "We are asking Your Honor to vacate the entry of the Memorandum Opinion on February 21, 1997, and *we would ask that it be reentered immediately*." (Emphasis added.)

Unfortunately, section 2—1401 cannot be used to obtain the reentry of an existing order. See *Mitchell*, 158 Ill. 2d at 149. Thus, plaintiff's section 2—1401 petition alleges no new facts, alleges neither a meritorious defense nor the exercise of due diligence, and requests relief expressly disallowed by the Illinois Supreme Court. Under these circumstances, the trial court properly denied plaintiff's petition.

## III. CONCLUSION

For the foregoing reasons, plaintiff's appeal from the trial court's June 9, 1995, and February 21, 1997, orders is dismissed for a lack of jurisdiction, and the trial court's July 15, 1997, order denying plaintiff's section 2—1401 petition is affirmed.

Affirmed in part and dismissed in part.

INGLIS and COLWELL, JJ., concur.