338

JENNIFER KEENER, Appellee, v. THE CITY OF HERRIN, Appellant.

*Opinion filed October 8, 2009.—Rehearing denied November 23, 2009.*

Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellant.

Mark D. Prince, of Carbondale, for appellee.

James L. DeAno, of DeAno & Scarry, LLC, of Chicago, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Daniel S. Kirschner and Thomas F. Boleky, of Corboy & Demetrio, P.C., of Chicago, for *amicus curiae* Illinois Trial Lawyers' Association.

JUSTICE KARMEIER delivered the judgment of the court, with opinion.
Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

The substantive issue presented for our consideration, as framed by the appellant, City of Herrin, is "[w]hether the provision of Chapter 745 ILCS Section 10/4—107[,] which grants absolute immunity to a local public entity for releasing a person in custody[,] is applicable to the factual situation herein *** which involves an occurrence at which time the police were neither in control or present at the accident scene." Like the appellate court (385 Ill. App. 3d 545), we have ordered the parties to submit briefs addressing the issue of jurisdiction; unlike

the appellate court (see 385 Ill. App. 3d at 553), we find that the circuit court lacked jurisdiction to entertain a motion to reconsider filed by plaintiff and, consequently, plaintiff's appeal was not timely filed. We therefore vacate the judgments of the circuit court and appellate court, without reaching the substantive issue presented, and dismiss this appeal. Given our disposition, we provide hereafter only those facts necessary for an understanding of the controversy and the procedural posture in which it comes to this court.

## BACKGROUND

According to the pleadings filed in this case, it appears that Chelsea Keener was taken into custody by Herrin police officers for unlawful consumption of alcohol by a minor. Chelsea was over the age of 18, but under the legal drinking age. Chelsea's blood-alcohol level was purported to be 0.18 at the time of her arrest. The record indicates that Officer Quinn Laird of the Herrin police department subsequently released Chelsea on a $1,000 I-Bond, though there is some dispute over whether a condition was attached to that release (or could be), the condition being that someone come to the police station to pick her up. In any event, Chelsea left the station after the bond was issued and she was subsequently struck and killed by a car while walking on or about a public street.

Thereafter, the plaintiff, Jennifer Keener, individually and as personal representative of the estate of the decedent, Chelsea Keener, filed a two-count complaint in the circuit court of Williamson County naming the City of Herrin as defendant. The complaint alleged that the City was negligent in its interaction with Chelsea, that said negligence resulted in Chelsea's death, and that the City was liable to plaintiff pursuant to the provisions of the Survival Act (755 ILCS 5/27—6 (West 2002)) and the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West

2002)). Defendant moved to dismiss, arguing that it owed no duty to Chelsea. The circuit court granted defendant's motion to dismiss, but also granted plaintiff leave to file an amended complaint within 28 days. An amended complaint was then filed adding two additional counts alleging willful and wanton misconduct. Defendant again moved to dismiss, raising immunity under section 4—107 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/4—107 (West 2002)) and arguing that it owed Chelsea no special duty.

A case management conference was held on August 8, 2005. The docket entry for that date reads as follows: "Attys. present for C.M.C. Rule on motion to dismiss on Sept. 9, 2005. Plaintiff will stand on pleadings." The next docket entry, dated September 13, 2005, expresses the ruling of the court: "Pending is defendant's motion to dismiss. The motion is granted and the case is dismissed. Plaintiff has elected to stand on these pleadings so no amendment of the complaint is needed. This cause is dismissed and there is no reason to delay any appeal herein. Clerk to close file." A stamp appearing immediately thereafter states that a judicial secretary was to send a copy of the record sheet to all attorneys of record. That apparently was not done.

Seven months later, on April 17, 2006, plaintiff filed a response to defendant's motion to dismiss. The case was then set for a status hearing upon the request of defendant. The cause was thereafter reset or continued twice, and the status hearing was finally convened on August 7, 2006. The docket entry for that date recites: "Attys appear. Motion to dismiss is reconsidered upon written motion to be submitted. Review on Aug. 25, 2006." The next entry shows that a "Motion to Reconsider" was filed by plaintiff on August 17, 2006. In that motion, plaintiff's counsel states that he first learned of the dismissal on August 7, 2006, as no notice was sent to

the attorneys. He avers that the parties had, at the case management conference, requested that defendant's motion to dismiss be held in abeyance pending the discovery deposition of Officer Quinn Laird; however, defense counsel never confirms that open-ended assertion, offering only—in his supplemental brief before this court— his recollection that "the court granted [plaintiff's counsel] one month to depose Defendant's affiant." In any event, the words and actions of the circuit court, as evinced by the court's docket entry of September 13, 2005, positively refute plaintiff's assertion. In plaintiff's motion, plaintiff also requested that the court "reconsider" its order of September 13, 2005, "in light of the discovery deposition of Officer Laird and the Plaintiff's formal Response" and "the fact that neither party knew that the Court had made a ruling" on the motion to dismiss. Although plaintiff's pleading was designated a "Motion to Reconsider," rather than a section 2—1401 petition, in paragraph 10 of the motion plaintiff requested relief under section 2—1401, basing that request upon the fact that "no notice of the Court's ruling dated September 13, 2005, was ever provided to the attorneys of record." The next docket entry, dated August 25, 2006, states as follows: "The motion to reconsider is reviewed. The motion is granted. This court reconsiders its previous ruling on Sept. 13, 2005. After further considering the motion to dismiss same is granted again. This case is dismissed again."

Three days later, on August 28, 2006, the defendant filed a "Special Appearance Under 735 ILCS 5/2—301(a) For The Purpose Of Objecting To The Court's Jurisdiction To Consider The Plaintiff's Motion To Reconsider." Therein, defendant argued that plaintiff had a duty to follow the progress of her case, and observed that section 2—1401 "will not save a party from his *** lawyer's fault or negligence." Defendant maintained that the court did

not have jurisdiction to rule upon plaintiff's motion to reconsider. A subsequent docket entry, dated September 5, 2006, implicitly acknowledged the filing of defendant's "Special Appearance" by noting: "Court has ruled on 8-25-06." Plaintiff filed her notice of appeal on September 18, 2006.

As previously noted, the appellate court felt compelled to raise the jurisdictional issue of its own accord, and ordered the parties to brief the issue. In its opinion, the appellate court first acknowledged this court's decision in *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122 (1990). As the appellate court concedes, in *Granite City*, this court held that the time period for filing a notice of appeal is not tolled because the parties failed to receive actual notice of an order disposing of a posttrial motion. 385 Ill. App. 3d at 549, citing *Granite City*, 141 Ill. 2d at 126-27. In *Granite City*, this court held that actual notice to the parties is not required, so long as the order appealed from is expressed publicly, in words, and at the situs of the proceeding. *Granite City*, 141 Ill. 2d at 127. The appellate court acknowledged those requirements, but made no further mention of them. 385 Ill. App. 3d at 550. Instead, the appellate court purported to distinguish *Granite City* insofar as plaintiff in this case "did not appeal the September 13, 2005, dismissal order." The appellate court reasoned:

"Instead, Jennifer's attorney filed a motion requesting relief from the final judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). On August 25, 2006, the circuit court granted Jennifer's section 2—1401 petition, but the court subsequently, albeit in the same order, dismissed the amended complaint after considering the new evidence presented in Jennifer's response to the motion to dismiss the amended complaint. Jennifer's appeal from the August 25, 2006, order requires a different analysis than the analysis set forth in *Granite City Lodge* because *Granite City Lodge* did not involve an

appeal following proceedings on a section 2—1401 petition." 385 Ill. App. 3d at 550.

The appellate court also purported to distinguish this court's decision in *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143 (1994), a case upon which the City relied.

In *Mitchell*, an employer filed in the circuit court a complaint for the administrative review of an Industrial Commission decision that was favorable to the claimant. Subsequently, the circuit court entered a final order setting aside the order of the Industrial Commission, but the parties were never notified that the order had been entered. The claimant learned of the entry of the order more than 30 days after it had been entered. When the circuit court learned that the parties had not been notified of the order, it directed the claimant to file a section 2—1401 petition. *Mitchell*, 158 Ill. 2d at 146-47. The court subsequently granted the petition and then reentered the same judgment. *Mitchell*, 158 Ill. 2d at 147. The claimant appealed from the judgment that had been reentered, and the employer cross-appealed from the circuit court's decision granting the section 2—1401 petition. *Mitchell*, 158 Ill. 2d at 147. The appellate court determined that it had jurisdiction of the claimant's appeal. However, this court thereafter held that the appellate court lacked jurisdiction over the appeal from the reentered judgment because the circuit court erred in granting the claimant's section 2—1401 petition. *Mitchell*, 158 Ill. 2d at 148-49. This court reasoned that even though counsel for the appellant had not received actual notice of the entry of the judgment, counsel was required to monitor the progress of the case to ensure that appeals were timely filed. *Mitchell*, 158 Ill. 2d at 150. This court found that the failure of a party to receive notice of the entry of a final order was not a sufficient ground to vacate the order under section 2—1401. *Mitchell*, 158 Ill. 2d at 149. This court concluded that relief under section 2—1401 is inappropriate where the party seeking relief

is simply requesting that the same order be reentered in order to restart the time to file a notice of appeal. *Mitchell*, 158 Ill. 2d at 149.

In this case, the appellate court was of the opinion that is not what happened. The court found this case distinguishable from *Mitchell* "in two important respects." First, the appellate court observed that, in *Mitchell*, the sole basis of the section 2—1401 petition was the lack of notice of the entry of the judgment, and apparently the petition merely requested reentry of the same judgment. Second, in *Mitchell*, the employer filed a cross-appeal from the decision of the circuit court granting the section 2—1401 petition. 385 Ill. App. 3d at 551. According to the appellate court, "*Mitchell* simply stands for the proposition that an allegation of a lack of notice, standing alone, is insufficient to justify relief under section 2—1401." 385 Ill. App. 3d at 552. Because of the second distinction noted above—a cross-appeal from the section 2—1401 ruling filed in *Mitchell*, but not here— the appellate court stated: "[W]e need not, and may not, determine the sufficiency of Jennifer's section 2—1401 petition in this appeal." 385 Ill. App. 3d at 552. Continuing, the appellate court divined: "The August 25, 2006, docket entry from which Jennifer appealed contained two separate orders in two separate and distinct proceedings. *** Herrin filed no appeal or cross-appeal from the circuit court's order granting Jennifer's section 2—1401 petition." The court concluded: "Accordingly, we have no jurisdiction to determine whether the circuit court was correct in vacating its previous order." 385 Ill. App. 3d at 552-53.

## ANALYSIS

It seems obvious, to us, that the appellate court sanctioned in this case what *Mitchell* prohibits. The transparency of the circuit court's actions admit of no other conclusion. The circuit court had no jurisdiction to

render its ruling of August 25, 2006, having lost jurisdiction 30 days after its ruling of September 13, 2005. Consequently, plaintiff's September 18, 2006, notice of appeal was untimely and conferred no jurisdiction on the appellate court.

As a preliminary matter, we note that our consideration of this case will be restricted to matters of record. A party may generally not rely on matters outside the record to support its position on appeal. *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499 (2006). When a party's brief fails to comply with that rule, a court of review may strike the brief, or simply disregard the inappropriate material. *Allstate Insurance*, 363 Ill. App. 3d at 499. We choose the latter course.

In their supplemental briefs to this court, both parties make statements as to what transpired at the August 8, 2005, case management conference. Plaintiff states that "the parties requested the trial court to hold the defendant's motion to dismiss amended complaint in abeyance until such time as the deposition [of Officer Laird] could be completed." According to plaintiff, the court "was further advised that the plaintiff would file a formal written response once the deposition of Officer Laird, and any other necessary discovery, was completed." Plaintiff asserts that the defendant "does not dispute that is what happened." Actually, the defendant *does* dispute that is what happened. In the defendant's supplemental brief, counsel for defendant states his recollection "that at plaintiff's counsel's request, the court granted him one month to depose defendant's affiant." Although the defendant's recollection appears to be more consistent with what took place below, in accord with applicable principles of appellate review, we will disregard both assertions in our analysis and concern ourselves only with facts of record.

The circuit court's docket entry of August 8, 2005, makes clear that the court intended to issue its ruling on September 9, 2005, and that plaintiff would "stand on the pleadings." The record is thus inconsistent with plaintiff's assertions in her supplemental brief. There is at least an inference to be drawn, from this docket entry, that the parties were advised a ruling was forthcoming. Barring that, however, the record reflected, as of that date, that a ruling was imminent, had anyone bothered to check the court file.

The promised ruling *was* subsequently rendered a little more than a month after the August 8 docket entry. On September 13, 2005, the court granted defendant's motion to dismiss, announcing, again: "Plaintiff has elected to stand on these pleadings." The court concluded: "This cause is dismissed and there is no reason to delay any appeal herein. Clerk to close file."

Clearly, this is a final order expressed publicly, in words, and at the situs of the proceeding, as required by our decision in *Granite City*. See *Granite City*, 141 Ill. 2d at 127. Equally clear is counsel's duty to monitor the progress of the case to ensure that an appeal is timely filed. See *Mitchell*, 158 Ill. 2d at 150. Obviously, plaintiff's counsel did not check the court file for a full year prior to August 7, 2006, when he discovered the circuit court's earlier order disposing of the case.

Given the final order entered on September 13, 2005, plaintiff had 30 days from that date to file a notice of appeal. Supreme Court Rule 303(a)(1) governs when a notice of appeal must be filed in civil cases. It states:

> "Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion ***." 210 Ill. 2d R. 303(a)(1).

Section 2—1203(a) of the Code of Civil Procedure, which governs postjudgment motions in cases decided without a jury, provides as follows:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203(a) (West 2002).

In this case, plaintiff did not file a timely postjudgment motion or a timely appeal from the circuit court's order of September 13, 2005. Hence, unless plaintiff's "motion to reconsider" could be construed as a proper section 2—1401 petition, and support could be found in the record for the appellate court's assertion that the circuit court granted such a petition, plaintiff's September 18, 2006, notice of appeal is not timely, and the appellate court had no jurisdiction to consider the merits of this case. Indeed, we find no support whatsoever in this record for the appellate court's characterization of the circuit court's action as a ruling on a section 2—1401 petition.

As evidence that the circuit court ruled only on a motion to reconsider, we note, first, that plaintiff did not even *attempt* to comply with the requirements for section 2—1401 proceedings, and neither did the circuit court. As this court recently observed in *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009): "Rule 106 governs the methods of notice to be used for petitions filed pursuant to section 2—1401 and provides that '[n]otice of the filing of a petition under section 2—1401 *** shall be given by the same methods provided in Rule 105.' 134 Ill. 2d R. 106. In turn, Rule 105(a) contains several requirements to be set forth in the notice, including that the responding party must 'file[ ] an answer or otherwise file[ ] an appearance in the office of the clerk of the court within

30 days after service, receipt by certified or registered mail, or the first publication of the notice, as the case may be ***.' " Indeed, the rule also states that the notice must apprise the other party that a default may be taken against him if he fails to answer or otherwise file an appearance within 30 days of service. There is no indication that any such procedure was followed here. Nothing in the record suggests that defendant was ever served with process for a section 2—1401 petition. Absent waiver, personal jurisdiction can only be had if a party is served with process in the prescribed manner. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Moreover, the circuit court granted whatever it granted before the 30 days to answer had even expired, then advised defendant (by docket entry), when defendant sought to challenge jurisdiction, that it had already ruled and the matter was concluded. This is simply not consistent with section 2—1401 proceedings.

Furthermore, in its ruling, the circuit court never mentioned a section 2—1401 petition and did not indicate that it was proceeding under section 2—1401. Instead, the circuit court stated that a "motion to reconsider" was "reviewed," and *that* motion was granted. The circuit court granted the "motion to reconsider" without specifying a basis—certainly no reference to any new evidence or to section 2—1401—and the only relief involved was the fleeting reinstatement of plaintiff's case.

Finally, the substance of the circuit court's ruling itself refutes the suggestion that the court granted a section 2—1401 petition, rather than a motion to reconsider, which it had no jurisdiction to grant. Section 2—1401 provides a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Relief under section 2—1401 is predicated upon proof, by a preponderance of the evidence, of a defense or claim that

would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition. *Vincent*, 226 Ill. 2d at 7-8. In order for plaintiff to have prevailed in a section 2—1401 proceeding, the plaintiff had to prove, by a preponderance of the evidence, that a meritorious claim existed "in the original action." Obviously, plaintiff did not do that, because the circuit court, after granting the "Motion to Reconsider," and with the same evidence and arguments before the court, again dismissed her action as meritless—all in a single docket entry. Had the court found that plaintiff had proven a meritorious claim in a section 2—1401 petition, based upon evidence unknown to the circuit court at the time it entered the original dismissal, the court could not have immediately dismissed the action as meritless, based upon *the same evidence.* That simply defies logic.

In sum, it is all too clear that the circuit court's action was nothing more than an attempt to give plaintiff an order from which she could timely file an appeal. The record does not support the appellate court's conclusion (see 385 Ill. App. 3d at 550) that the circuit court considered and granted a section 2—1401 petition. As we have noted, aside from the obvious fact that there was no attempt whatsoever to comply with the applicable requirements for a section 2—1401 proceeding, and the fact that the circuit court never mentions such a petition in its final ruling, there is the ultimate disposition, which is inconsistent with having granted a section 2—1401 petition. The circuit court stated that it was ruling upon a motion to reconsider; yet, the court had no jurisdiction to rule upon a motion to reconsider filed more than 30 days after the original judgment.

Because the circuit court had no jurisdiction to enter its order of August 25, 2006, the appellate court had no jurisdiction to review that judgment. However well-

intentioned, the tortured analysis of the appellate court cannot obscure that truth.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment of August 25, 2006, and the judgment of the appellate court are vacated and this cause is dismissed.

*Judgments vacated;*
*cause dismissed.*