2020 IL App (1st) 191793-U

No. 1-19-1793

Order filed December 3, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DWIGHT HAMILTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 118130 |
| | ) | |
| JOSEPH McPHERSON, | ) | Honorable |
| | ) | Martin Paul Moltz, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's judgment because the record on appeal is insufficient for review of plaintiff's claim.

¶ 2    Plaintiff Dwight Hamilton appeals *pro se* from the trial court's order denying his complaint alleging defendant Joseph McPherson violated their verbal agreement for the sale of a vehicle and stole plaintiff's property. On appeal, plaintiff argues the trial court erred when it did not view his evidence. For the following reasons, we affirm.

¶ 3    The record on appeal does not contain a report of the trial proceedings or substitute therefor. However, the following facts can be found in the limited common law record, which includes plaintiff's *pro se* complaint, *pro se* motion to amend his complaint, and the trial court's order entered after trial.

¶ 4    On June 13, 2019, plaintiff filed a complaint alleging that defendant verbally agreed to sell him a vehicle and offset the cost by $2000 in exchange for plaintiff producing a video advertisement for defendant's business. Plaintiff claimed that, after he completed the video, defendant repossessed the vehicle without compensating plaintiff for the video or an upgrade he made to the vehicle. Plaintiff sought $2500 plus court costs. On August 16, 2019, plaintiff filed a motion to amend the complaint, alleging defendant also stole unspecified items from him and requesting $7631.40 in total.

¶ 5    On August 30, 2019, with plaintiff and defendant present, the trial court entered judgment for defendant after a trial. The written order contains no other details about the proceedings. Plaintiff timely appealed.

¶ 6    On August 25, 2020, we entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131, 133 (1976).

¶ 7    On appeal, plaintiff argues the trial court erred when it did not properly consider his evidence.

¶ 8    We initially note that our review of plaintiff's appeal is impeded by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff is a *pro se* litigant, he "must comply with the same rules and [is] held to the same standards as

licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018).

¶ 9        Plaintiff used a form approved by the Illinois Supreme Court when filing his brief, but provided no citations to the record and failed to make an argument citing pertinent legal authority. See Ill. S. Ct. R. 341(h) (eff. May 25, 2018). The fact section only includes citations to exhibits attached to his appellate brief, but the record on appeal does not show these exhibits were before the trial court. We cannot consider documents for the first time on appeal. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) ("A party may generally not rely on matters outside the record to support its position on appeal."). Furthermore, plaintiff includes no legal argument, only conclusory statements with no citation to legal authority or the record. See *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research." (internal quotation marks omitted)). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 10        Considering the content of plaintiff's brief, it would be within our discretion to dismiss his appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32 (holding the appellate court has the discretion to dismiss the appeal where the plaintiff's brief fails to

comply with Rule 341). However, because the issues in this case are easily resolved and plaintiff attempted to use the proper forms, we choose not to dismiss the appeal on that ground. See *id.*

¶ 11    Notwithstanding, the deficiencies in the record still prevent us from reaching this appeal on the merits. On appeal, the appellant has the burden to provide a complete record for review to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392; accord *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 9. This is because in order for a reviewing court to determine whether there was trial court error it must have a sufficient record to review. *Foutch*, 99 Ill. 2d at 392.

¶ 12    Here, the record reveals that a trial was held on August 30, 2019, and the court ruled in favor of defendant, but this court is unable to determine the arguments presented to the trial court, the evidence admitted or excluded by the court, or the reasons the court ruled in favor of defendant. Under these circumstances, we must presume that the court acted in conformity with the law and the judgment had a sufficient basis. *Wing*, 2016 IL App (1st) 153517, ¶ 9. Consequently, we have no basis for disturbing the court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 13    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 14    Affirmed.