(No. 73287.—

HYMAN KLEIN *et al.* v. LA SALLE NATIONAL BANK, as Trustee, *et al.* (Morris Aron, Appellant; David Ellis, Appellee).

*Opinion filed April 15, 1993.—Rehearing denied May 28, 1993.*

Fioretti & Des Jardins, Ltd., of Chicago (James P. Nally, Robert W. Fioretti and Mary E. Valenti, of counsel), for appellant.

Thomas G. Draths and Clinton J. Wesolik, of Wilson & McIlvaine, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The issue presented in this case is whether service of process on the trustee of a land trust confers personal jurisdiction in an action against the beneficial interest holder. We conclude it does not.

## BACKGROUND

The Kleins, Hyman and Lillian, and the Ellises, David and Catherine, owned 25% interests in a land trust, the *res* of which was an apartment building in Evanston, Illinois. La Salle National Bank acted as trustee.

The Kleins alleged in a lawsuit filed in January 1990 that the Ellises breached an agreement among the co-beneficiaries to share in the building's operating expenses. The initial complaint identified David Ellis, alone, as a co-beneficiary of the trust. Judgment was sought "against David Ellis and his 25% interest." However, only the bank trustee, not David Ellis, was actually identified as a defendant in the complaint.

In April 1990, the Kleins obtained a default judgment against David Ellis in the circuit court of Cook County pursuant to that complaint.

Subsequently, the circuit court permitted the Kleins to amend the complaint to reflect that David and Catherine Ellis were joint co-beneficiaries of a 25% interest in the trust. In substance, the complaint was unchanged. The bank trustee remained the only party identified as a defendant.

The Kleins obtained a default judgment against Catherine Ellis in October 1990. The order reciting that

judgment contains no reference to the April default judgment against David.

It is undisputed that neither David nor Catherine Ellis was served with summons or received a copy of the complaint. Only the bank trustee was served with process. Nevertheless, the Kleins were successful in compelling the Ellises' interest to be sold at a judicial auction in execution upon the default judgments. The sale was approved by order of the circuit court in February 1991.

In March 1991, pursuant to a special and limited appearance, David Ellis filed a petition for relief from the April 1990 default judgment entered against him and sought to stay effect of the order approving the sale (see Ill. Rev. Stat. 1989, ch. 110, pars. 2—301, 2—1401, 2—1305). Ellis contended that the judgment was void for lack of personal jurisdiction because he had not been served with summons.

Morris Aron, who had purchased the Ellises' interest, was permitted to intervene (see Ill. Rev. Stat. 1989, ch. 110, par. 2—408) in proceedings on the petition.

The circuit court of Cook County denied section 2—1401 relief. The appellate court reversed (No. 1—91—1462 (unpublished order under Supreme Court Rule 23)). We granted Aron's petition for leave to appeal. (134 Ill. 2d R. 315.) We note that David Ellis' petition, the denial of which gave rise to the issue presented here, did not address the October 1990 default judgment against Catherine, and she is not a party to this appeal.

## DISCUSSION

Ellis' petition sought relief from the April 1990 default judgment against him pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). A section 2—1401 proceeding is a new action, subject to the usual rules of civil practice.

(*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273; see Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(b)).) As in every civil case, the right to relief must be adequately alleged and proved. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505.

The proceeding is instituted by the filing of a petition "supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(b).) Like a complaint, the petition must be legally sufficient in affirmatively setting forth specific allegations supporting the right to relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21.) In substance, the allegations must set forth a meritorious defense or claim in the original action and the petitioner's due diligence in both presenting the claim or defense and filing the petition. (*Airoom*, 114 Ill. 2d at 220-21.) Like a complaint, the petition may be challenged by a motion to dismiss for its failure to state a cause of action or if, on its face, it shows that the petitioner is not entitled to relief. *Ostendorf*, 89 Ill. 2d at 279-80; *Brockmeyer*, 18 Ill. 2d at 505.

Assuming the petition's legal sufficiency, the right to relief as alleged must be proved. (*Brockmeyer*, 18 Ill. 2d at 505.) The procedure respecting that proof is akin to the procedure on a motion for summary judgment. (*Ostendorf*, 89 Ill. 2d at 286.) Specifically, relief should be granted on the basis of the pleadings, affidavits, and the record of the prior proceeding alone if no factual dispute is raised and the allegations of the petition are thereby proven. (*Ostendorf*, 89 Ill. 2d at 286.) If a disputed factual issue exists material to whether relief is justified, an evidentiary hearing is required. (*Ostendorf*, 89 Ill. 2d at 286.) In that event, as in any other civil case, relief is appropriate only where the petition's allegations are proved by a preponderance of the evidence. *Airoom*, 114 Ill. 2d at 221.

On appeal from a disposition on a petition for section 2–1401 relief, the standard applied by reviewing courts is whether the trial judge abused his discretion. (*Airoom*, 114 Ill. 2d at 221.) Underlying the disposition on the petition for section 2–1401 relief here is the issue of whether personal jurisdiction existed over David Ellis. In the absence of personal jurisdiction, the judgment against Ellis is void. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308.) If the judgment is void, there could be no reason to justify the denial of section 2–1401 relief. That is so because a party's attack on a judgment for lack of personal jurisdiction renders considerations otherwise pertinent to section 2–1401, like the petitioner's diligence, unnecessary. (*Thill*, 113 Ill. 2d at 308.) Such an attack mandates a search of the entire record. *Thill*, 113 Ill. 2d at 313.

The facts are undisputed. Ellis' petition alleges that the only summons issued named the bank trustee and was accepted by an employee in the bank's land trust department. A copy of the summons, attached as an exhibit, attests that the summons was so served. Also attached as an exhibit is the bank trustee's answer to the Kleins' action. The answer states that the bank acted solely as a "naked land trustee" with regard to the trust realty. The petition is further supported by Ellis' affidavit which recites that Ellis first learned of the judgment against him in February 1990 after the judicial sale. Last, the record contains Lillian Klein's "counteraffidavit." That affidavit addresses only the Kleins' allegations against Ellis and states that David and Catherine Ellis were joint co-beneficiaries.

The question of whether personal jurisdiction existed over Ellis depends on the effect of the statutory service of process (Ill. Rev. Stat. 1989, ch. 110, par. 2–203(a)) on the bank trustee, as Ellis did not otherwise submit to jurisdiction (see *Thill*, 113 Ill. 2d at 308). The answer is

found in the nature of Ellis' interest in the trust realty and the relationship between Ellis and the bank trustee as it pertains to that interest.

Under the terms of the trust agreement, the bank trustee is given "full power and authority" to exercise exclusive control in the management, operation, renting, or sale of the trust realty. The beneficial interests created are personal property and consist of interests in the "earnings, avails[,] and proceeds" arising from the sale or use of the realty.

The trust is therefore an "Illinois land trust," or "naked" trust. (See *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 382; *In re Estate of Peters* (1966), 34 Ill. 2d 536, 539.) The beneficiaries of such trusts may retain power to direct or control the trustee in dealings as to the realty placed in trust. (See Ill. Rev. Stat. 1989, ch. 29, par. 8.31.) They do not, however, own the realty in any conventional sense. (See *Hanley v. Kusper* (1975), 61 Ill. 2d 452, 461.) Their interest is personal property. (*In re Estate of Alpert*, 95 Ill. 2d at 382.) The trustee holds both legal and equitable title. *In re Estate of Alpert*, 95 Ill. 2d at 382.

The relationship between Ellis and the bank trustee dictates that service of process on the bank could not confer personal jurisdiction over Ellis. Service of process on the bank trustee, as holder of both equitable and legal title, would be both necessary and appropriate in an *in rem* proceeding against the property directly. (See *Austin v. Royal League* (1925), 316 Ill. 188, 193; see also Ill. Rev. Stat. 1989, ch. 110, par. 2—616(e) (permitting amendment of pleadings to name a beneficiary of a land trust not originally named as a defendant in a cause of action arising from the ownership of real estate, as, for example, in a suit for personal injuries sustained as a result of the condition of property held in trust).) The Kleins' action was not such a proceeding. It was, in-

stead, a simple breach of contract action against joint co-beneficiaries of the trust. That the Kleins were able to compel the sale of the co-beneficiaries' interest in execution on the judgments they obtained does not change the nature of the action. Execution against the beneficial interest in the trust required personal jurisdiction over its owners, David and Catherine Ellis, not the bank trustee, owner of the trust realty. Service of summons on the bank was ineffectual for that purpose. (*Kappel v. Errera* (1987), 164 Ill. App. 3d 673, 678.) Because David Ellis was not served with summons and did not otherwise submit to jurisdiction in the circuit court, the judgment against him is void. That conclusion applies regardless of Morris Aron's status as a *bona fide* purchaser, as the jurisdictional infirmity was shown on the record's face. *Thill*, 113 Ill. 2d at 312-14; *cf. Uptown Federal Savings & Loan Association v. Walsh* (1973), 15 Ill. App. 3d 626.

For the reasons stated, the judgment of the appellate court is affirmed.

*Affirmed.*