S.C. VAUGHAN OIL COMPANY *et al.*, Plaintiffs-Appellees, v. CALDWELL, TROUTT, AND ALEXANDER, Defendant-Appellant (Paul Caldwell, Defendant).

Fifth District   No. 5—95—0336

Opinion filed October 23, 1998.

Bruce L. Carmen and Michael A. Lawder, both of Hinshaw & Culbertson, of Chicago, for appellant.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellees.

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, S.C. Vaughan Oil Company and Charles A. Vaughan, filed a complaint against the defendants, Paul Caldwell and the law firm of Caldwell, Troutt, and Alexander, on August 4, 1986, alleging legal malpractice and conflict of interest. On August 6, 1990, proof that Paul Caldwell had filed a petition for relief under chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 701 *et seq.* (1994)) in the United States Bankruptcy Court for the Middle District of Florida was filed with the circuit court of Marion County. A review of the docket sheet maintained by the clerk of the circuit court of Marion County reveals no entries respecting this case from the date of the filing of the bankruptcy petition on August 6, 1990, until April 22, 1991. On April 22, 1991, the record reveals a docket entry stating "cause DWP-close file." Both of the parties apparently agree that "DWP" means dismissed for want of prosecution. On March 31, 1993, Kathleen Ignowski, an associate in the law firm representing plaintiffs, contacted the clerk of the circuit court to inquire as to whether any docket entries had been made in case number 86—L—96. An employee at the circuit clerk's office informed her that the court, on its own motion, had dismissed the case for want of prosecution in April of 1991, without notice to the parties. On April 12, 1993, plaintiffs filed a motion to reinstate their action for attorney malpractice. The defendants entered a special and limited appearance and on May 7, 1993, filed a motion to strike plaintiffs' motion to reinstate. The defendants argued that the trial court lost jurisdiction of the case 30 days after dismissal, that the only way of obtaining reinstatement was through a petition under section 2—1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 1992)), and that plaintiffs did not petition the court pursuant to section 2—1401. The defendants argued that

because the plaintiffs had not alleged the elements of a section 2—1401 petition, the motion was inappropriate and did not invoke the circuit court's jurisdiction. On September 3, 1993, the circuit court entered an order upholding the special and limited appearance as to Paul Caldwell but denied it as to Caldwell, Troutt, and Alexander.

On September 27, 1993, subsequent to the court's denial of its special and limited appearance, Caldwell, Troutt, and Alexander moved to dismiss the motion to reinstate, citing the lack of factual allegations of due diligence in filing the section 2—1401 petition and the existence of a meritorious claim. On March 30, 1994, the plaintiffs filed an amended motion to reinstate, specifically citing section 2—1401. In their motion, the plaintiffs stated the following three reasons as to why they had not pursued the case from April 1991 through March 1993: (1) the claim against Paul Caldwell could not be pursued due to the bankruptcy stay; (2) the decision in *Collins v. Reynard*, 154 Ill. 2d 48, 607 N.E.2d 1185 (1992), was good law from March 28, 1990, through December of 1992, and plaintiffs believed they no longer had a viable attorney malpractice suit against the defendants because *Collins* barred the recovery of economic damages for attorney malpractice actions sounding in tort; and (3) there were ongoing settlement discussions between plaintiffs' counsel and representatives of defendants and their insurers.

On April 20, 1994, defendants again moved to dismiss the amended motion to reinstate. The circuit court entered an order on December 30, 1994, allowing plaintiffs' motion to reinstate. Specifically, the court stated that the plaintiffs should have properly referred to the motion to reinstate as a section 2—1401 petition and that they should have also made factual allegations regarding the meritorious claim. The court went on to note, however, that the motion was "squarely a section [2—]1401 motion" because the focus had been upon the diligence in presenting the claim and the motion. The court also noted that it was "not inclined to further delay this proceeding with evidentiary hearings not anticipated by section [2—]1401." On January 13, 1995, the defendant, Caldwell, Troutt, and Alexander, filed a motion to rehear and reconsider. In its motion, the defendant claimed that the circuit court had not allowed the defendant, Caldwell, Troutt, and Alexander, an opportunity to present evidence either by way of affidavit or by live testimony to controvert the allegations of plaintiffs' section 2—1401 petition. On March 2, 1995, the defendant, Caldwell, Troutt, and Alexander, filed the affidavits of M. Patrice Wilson, insurance adjuster for CNA Insurance Companies, and Thomas L. Browne, defendant's former attorney. Both affidavits contradicted plaintiffs' at-

torney's affidavit with regard to the amount and significance of telephone contact between plaintiffs' attorney and defendant's representatives. On that same date, the circuit court vacated the order granting the section 2—1401 petition. On April 19, 1995, the circuit court reconsidered the motion to reinstate and granted it for the reasons set forth in its December 30, 1994, docket entry.

Defendant appealed pursuant to Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)), which allows an appeal to the appellate court from a judgment on a petition brought under section 2—1401. Defendant claimed that the circuit court abused its discretion when it refused to resolve factual disputes arising from the section 2—1401 petition filed by the plaintiffs and that the plaintiffs failed to establish due diligence as a matter of law.

On direct appeal, this court did not address the merits of defendant's appeal. Instead, we dismissed the appeal. *S.C. Vaughan Oil Co. v. Caldwell, Troutt, & Alexander,* 285 Ill. App. 3d 77, 673 N.E.2d 1156 (1996). We determined that, based upon the Illinois Supreme Court's reasoning in *Flores v. Dugan,* 91 Ill. 2d 108, 435 N.E.2d 480 (1982), the dismissal for want of prosecution order entered April 22, 1991, was not a final judgment and, thus, was not subject to attack pursuant to a section 2—1401 petition. Hence, this court determined that the circuit court committed error by treating the plaintiff's motion to reinstate their case as a petition to vacate a final judgment under section 2—1401.

The Illinois Supreme Court granted leave to appeal. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander,* 172 Ill. 2d 567, 679 N.E.2d 386 (1997). Defendant raised three issues for consideration: (1) whether the appellate court had jurisdiction to hear defendant's appeal from the order reinstating the case; (2) if so, whether plaintiffs exercised due diligence as a matter of law; and (3) whether the trial court abused its discretion by concluding that an evidentiary hearing was not appropriate for the section 2—1401 petition. Since the Illinois Supreme Court's resolution of the first issue was dispositive, it refused to address the second and third issues and ordered this court to do so.

The Illinois Supreme Court determined that this court had jurisdiction of this case and acknowledged that because relief under section 2—1401 is available only from final orders and judgments, if an order is not final, section 2—1401 is inapplicable and cannot be the basis for vacating that order. Hence, the question of whether the order dismissing plaintiffs' case for want of prosecution constituted a final order within the meaning of section 2—1401 was a key consideration in

determining whether the trial court acted properly in granting relief under that statute.

■ If a plaintiff's action is dismissed for want of prosecution, that plaintiff has the option, pursuant to section 13—217 of the Code, to refile the action within one year of the entry of the DWP order or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13—217 (West 1992). Section 13—217 is a savings statute, and its purpose is to facilitate the disposition of the litigation on the merits and to avoid its frustration upon grounds unrelated to the merits. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497, 693 N.E.2d 338, 342 (1998).

In *Vaughan*, the Illinois Supreme Court determined that the date upon which an order for dismissal for want of prosecution becomes final is the date upon which a plaintiff's right to refile the cause of action under section 13—217 expires. The court stated that, two years after that date, a plaintiff's right to file a motion to vacate the DWP pursuant to section 2—1401 will expire. 181 Ill. 2d at 497, 693 N.E.2d at 344.

In our view, this case is analogous to the situation presented to the Illinois Supreme Court in *Doyle v. Rhodes*, 101 Ill. 2d 1, 461 N.E.2d 382 (1984). In *Doyle*, the Illinois Supreme Court was faced with the task of construing and applying the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*), which was enacted following the decision in *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill. 2d 1, 374 N.E.2d 437 (1977). The question that the *Doyle* court was called upon to decide was whether the immunity of an employer from an action at law by an injured employee provided by sections 5(a) and 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.5(a), 138.11) also barred an action for contribution against the employer by a third party who was partially responsible for the employee's injury. The *Doyle* court determined that the Workers' Compensation Act provides employers with a defense against any action that may be asserted against them in tort, but that defense is an affirmative one whose elements—the employment relationship and the nexus between the employment and the injury—must be established by the employer, and which is waived if not asserted by him in the trial court. Hence, the plaintiff may recover a tort judgment against his employer for a work-related injury if the employer fails to raise the defense the Workers' Compensation Act gives him, and on occasion, an employer might choose not to raise it in the hope that the plaintiff will be unable to prove negligence to a jury's satisfaction. In short, the potential for tort liability exists until

the defense is established. *Doyle*, 101 Ill. 2d at 10-11, 461 N.E.2d at 386-87.

In our view, this case is much the same way in the respect that we believed that the dismissal for want of prosecution was a nonfinal order when it was entered and that it was still nonfinal after the one-year savings statute had passed. We thought that the savings statute was akin to a statute of limitations. We believed that the dismissal for want of prosecution was a nonfinal order when it was entered and that its character did not change with the passage of time or by subsequent conduct by the parties. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 687 N.E.2d 871 (1997). Hence, we believed that after the one-year savings statute had expired, the defendant then was entitled to raise the expiration of the statute of limitations as an affirmative defense but that the character of the dismissal order was unchanged.

However, the Illinois Supreme Court has disagreed with our opinion and determined that the order was a final and appealable order after the one-year savings statute had passed. The Illinois Supreme Court remanded this case back to this court in order for us to address the merits of plaintiffs' section 2—1401 petition. Therefore, we must defer to the Illinois Supreme Court and address the merits of the section 2—1401 petition as the Illinois Supreme Court ordered us.

Section 2—1401 of the Code outlines the procedure by which final orders and judgments can be vacated by the trial court more than 30 days following their entry, if the petition to vacate is not filed later than two years after entry of the judgment. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 496, 693 N.E.2d at 341; 735 ILCS 5/2—1401 (West 1996). In order for the petitioner to be entitled to relief pursuant to section 2—1401, he must set forth allegations supporting (1) the existence of a meritorious claim or defense, (2) due diligence in presenting the claim or defense to the circuit court in the original action, and (3) due diligence in filing the section 2—1401 petition for relief. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 496, 693 N.E.2d at 341. If a petition fails to set forth facts establishing these elements, it is subject to a motion to dismiss. *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 190 N.E.2d 348 (1963). On appeal from a disposition on a petition for section 2—1401 relief, the standard applied by reviewing courts is whether the trial judge abused his discretion. *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 205, 613 N.E.2d 737, 739 (1993).

The first matter we will consider is the sufficiency of the petition. It is elementary that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of

the nature of the claim or defense he or she is called upon to meet." 735 ILCS 5/2—612(b) (West 1996). Pleadings must be construed in such a manner as to do substantial justice between the parties. *Callis, Papa, Jensen, Jackstadt & Halloran, P.C. v. Norfolk Southern Corp.*, 292 Ill. App. 3d 1003, 1008, 686 N.E.2d 750, 754 (1997). Having considered the petition, we believe that while it is not a model of drafting, it is sufficient to survive the motion to dismiss.

Next, defendant claims that the trial court abused its discretion by ruling on plaintiffs' petition on the pleadings and affidavits rather than resolving the factual discrepancies between plaintiffs' affidavits and defendant's counteraffidavits through an evidentiary hearing. Defendant relies primarily on *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253 (1982), to argue that it was entitled to a full evidentiary hearing on the issue of plaintiffs' exercise of due diligence.

In *Ostendorf*, the Illinois Supreme Court stated that relief should be granted on the basis of the pleadings, affidavits, and the record of the prior proceedings alone if no factual dispute is raised and the allegations of the petition are thereby proven. *Ostendorf*, 89 Ill. 2d at 286, 433 N.E.2d at 259. An evidentiary hearing is *required* if a disputed factual issue exists material to whether relief is justified. *Klein*, 155 Ill. 2d at 206, 613 N.E.2d at 739. In that event, as in other civil cases, relief is appropriate only where the petition's allegations are proved by a preponderance of the evidence. *Klein*, 155 Ill. 2d at 206, 613 N.E.2d at 739.

Defendants claim that the circuit court erred in allowing the section 2—1401 petition because the affidavits filed in opposition to the motion to reinstate showed that there were substantial disputes between the parties as to the basic facts underlying plaintiffs' claim of due diligence. In fact, plaintiffs admit in their brief that the affidavits submitted by the parties are in substantial conflict on whether plaintiffs exercised due diligence. Primarily, the factual dispute centers around plaintiffs' attorney's affidavit with respect to the ongoing nature of settlement discussions with Patrice Wilson of CNA and defendant's attorney. Specifically, plaintiffs' attorney testified to extensive contacts and settlement discussions while Wilson's and defendant's attorney's testimonies substantially contradicted plaintiffs' attorney's testimony, in that they testified to almost no contact at all. The existence of this dispute is important because of the findings of the trial court in originally allowing the motion to reinstate and in reentering that order for the same reason a few months later.

The *Ostendorf* decision held that in a section 72 proceeding (now

codified at 735 ILCS 5/2—1401 (West 1992)), factual disputes may arise that cannot be resolved solely on the basis of pleadings, affidavits, and the record of the prior proceeding. Where there is a genuine dispute as to an issue of fact, that issue must be determined by the trier of fact. The *Ostendorf* court did not determine whether a full-blown trial-type hearing is always required when litigants present contradictory affidavits. It did determine, however, that "[s]ection 72 petitions are directed to the discretion of the trial judge, who *must* in the first instance decide whether a factual dispute is present." (Emphasis added.) *Ostendorf*, 89 Ill. 2d at 286, 433 N.E.2d at 259.

In the instant case, it is clear that the affidavits were in conflict with one another and called plaintiffs' counsel's credibility into substantial dispute. It is clear from the *Ostendorf* decision that some form of evidentiary hearing was mandated in this case. Hence, the circuit court abused its discretion in failing to hold the evidentiary hearing.

For the foregoing reasons, the circuit court's decision is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WELCH, P.J., and CHAPMAN, J., concur.