*In re* APPLICATION OF THE COUNTY TREASURER FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1992 AND PRIOR YEARS (The City of Chicago, Petitioner-Appellant, v. City Sites, L.L.C., Respondent-Appellee).

First District (4th Division)    No. 1—98—0518

Opinion filed October 21, 1999.—Modified opinion filed December 9, 1999.—Rehearing denied December 17, 1999.

Brian L. Crowe, Corporation Counsel, of Chicago, for appellant.

Timothy H. Boyer, of Evanston, for appellee.

JUSTICE HALL delivered the opinion of the court:

On July 22, 1997, the circuit court issued an order directing the Cook County clerk to issue a tax deed to respondent, City Sites, L.L.C., for property located at 1627 South Central Park Avenue in the City of Chicago (the Property). Petitioner, City of Chicago (the City), filed a petition to vacate the tax deed, contending that it had been issued a judicial deed to the Property on July 7, 1997. The circuit court denied the City's petition on January 13, 1998. The City appeals this denial. For the reasons that follow, we reverse.

On March 28, 1994, National Indemnity Corporation (National Indemnity) purchased the Property at a tax sale. Sometime thereafter, National Indemnity assigned all of its rights, title, and interest in the Property to City Sites, L.L.C. (National Indemnity and City Sites, L.L.C., shall be referred to collectively as the tax purchaser).

On July 5, 1996, the City filed a complaint entitled City of Chicago v. Mensa, No. 96 M1 404143, against the Property, alleging building code violations. On November 15, 1996, the tax purchaser was served with the City's summons and complaint, but failed to appear in the City's case.

On October 28, 1996, the tax purchaser filed a petition for deed in the circuit court, stating that it had purchased the Property for the nonpayment of taxes due for the year 1992.

On July 7, 1997, in the case filed by the City, the circuit court issued the City a judicial deed for the Property. The judicial deed was recorded on July 10, 1997, and on July 28, 1997, the City notified the county treasurer of Cook County that it had acquired the Property, as required by statute. See 35 ILCS 200/21—100 (West 1996).

On July 22, 1997, in this proceeding, the circuit court entered an order directing the county clerk to issue a tax deed for the Property to the tax purchaser. The City filed a petition to vacate the tax deed pursuant to section 2—1401 of the Illinois Code of Civil Procedure (735

ILCS 5/2—1401 (West 1996)), on the ground that the City's judicial deed operated to extinguish all other interests in the Property pursuant to section 11—31—1(d) of the Illinois Municipal Code (the Code) (65 ILCS 5/11—31—1(d) (West 1996)). In its petition, the City stated that it had acquired the Property through the Chicago Abandoned Property Program (CAPP). CAPP is a program created to encourage the rehabilitation of distressed buildings in the City by facilitating the transfer of the buildings to responsible owners. The circuit court denied the City's petition to vacate the tax deed.

■ We note that no appellee's brief has been filed in this case. However, we decide the merits of this appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976). When reviewing a disposition on a petition for section 2—1401 relief, we apply an abuse of discretion standard. *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 613 N.E.2d 737 (1993); *Malkin v. Malkin*, 301 Ill. App. 3d 303, 703 N.E.2d 460 (1998).

On appeal the City contends only that the circuit court abused its discretion in denying its petition to vacate the tax deed in light of the fact that the City had previously been granted a judicial deed to the same property. Specifically, the City contends that its judicial deed operated to extinguish all other interests in the Property pursuant to section 11—31—1(d) of the Code.

■ Our supreme court has made it clear that the fundamental rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. *Kunkel v. Walton*, 179 Ill. 2d 519, 689 N.E.2d 1047 (1997); *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 630 N.E.2d 2820 (1994). Courts should look first to the statutory language itself, as the language of the statute is the best indication of the legislature's intent. *Kunkel*, 179 Ill. 2d at 533. Where the meaning of a statute is clearly expressed in the language of the statute, a court cannot imply any other meaning. *Triple A Services, Inc. v. Rice*, 131 Ill. 2d 217, 545 N.E.2d 706 (1989).

■ On July 7, 1997, the City was issued a judicial deed to the Property pursuant to section 11—31—1(d) of the Code, which plainly states: "[a] conveyance by judicial deed shall operate to extinguish all existing ownership interests in, liens on, and other interest in the property, including tax liens." 65 ILCS 5/11—31—1(d) (West 1996). Under the plain language of that section, the issuance of the judicial deed extinguished all existing ownership or other interests in the Property, including those of the tax purchaser. The circuit court ignored this plain language, ordering the county clerk to issue a tax deed to the tax purchaser despite the fact that the tax purchaser's

interest in the Property had been extinguished. There is no rule of statutory construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute says. *Silva v. Electrical Systems, Inc.*, 183 Ill. 2d 356, 701 N.E.2d 506 (1998); *Solich*, 158 Ill. 2d at 83.

■ Once the judicial deed was issued, City Sites no longer had any interest in the Property. Thus, we find that the tax deed issued by the circuit court was a nullity, as it was premised on an interest in the Property that had been extinguished by the issuance of the judicial deed.

We further find that in the interest of equity to all parties involved, the tax purchaser is entitled to a refund of the monies it spent to purchase the property at the tax sale plus any additional amounts paid by the tax purchaser in satisfaction of any taxes owed on the property since the time of the tax sale. See *Thornton, Ltd. v. Rosewell*, 72 Ill. 2d 399, 381 N.E.2d 249 (1978).

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed and remanded with directions to enter an order: (1) declaring the July 22, 1997, tax deed null and void and (2) requiring the County Collector to refund City Sites the amounts paid in satisfaction of any tax debts on the Property.

Reversed and remanded with directions.

HOFFMAN, P.J., and SOUTH, J., concur.