2022 IL App (1st) 200259-U

SECOND DIVISION
February 8, 2022

No. 1-20-0259

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE RIDGELAND CORP., RUFUS COOK, Individually and BARBARA REVAK, Individually, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs/Petitioners-Appellants, | ) ) | |
| v. | ) ) | No. 16 L 5474 |
| STONEDRY, LLC, and SHERIFF OF COOK COUNTY, IL, | ) ) ) | Honorable Margaret A. Brennan, |
| Defendants/Respondents-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the trial court's judgment dismissing the section 2-1401 petition and remand with instructions; the trial court had jurisdiction of the parties and the subject matter when it entered its judgment, therefore, the trial court's judgment whether erroneous or not was not void; and, the fraudulent conduct petitioner alleged did not constitute extrinsic fraud, therefore the alleged fraudulent acts are not recognized by courts as a basis to vacate a judgment entered by a court with personal and subject matter jurisdiction.

¶ 2    Plaintiffs, The Ridgeland Corporation, Rufus Cook and Barbara Revak, individually,

(herein collectively Ridgeland) filed a  complaint in the circuit court of Cook County seeking

damages for breach of an oral contract. Ridgeland alleged defendant, Stonedry, LLC, breached

an oral agreement which modified an earlier written settlement agreement between the parties. (For clarity, we will refer to the subsequent oral agreement modifying the settlement agreement as the "oral agreement" and the underlying written settlement agreement as the "written agreement.") After a bench trial the court entered a judgment in favor of Stonedry.

¶ 3    Ridgeland did not file a motion for a new trial or a notice of appeal. However, more than 30 days after the judgment Ridgeland filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). In the petition Ridgeland argued that the judgment on the complaint for breach of the oral agreement was void and procured by fraud. Ridgeland alleged Andres Schcolnik committed fraud when he falsely represented that he was a member of Stonedry and was authorized to sign the written agreement on behalf of Stonedry; however, Schcolnik was neither a member nor manager of Stonedry. Stonedry filed a motion to dismiss the 2-1401 petition pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)), which the trial court granted.  For the following reasons we affirm and remand with instructions.

¶ 4                                    BACKGROUND

¶ 5    Ridgeland was an owner of a commercial building located at 7411 S. Stony Island Avenue in Chicago. The property was sold for delinquent taxes at the 2013 scavenger tax sale conducted by Cook County. Stonedry acquired  the certificate of sale for the property taxes and commenced proceedings in the circuit court to obtain an order for a tax deed. Ridgeland contested the tax deed proceedings. After protracted litigation in the County Division of the circuit court and in the municipal department the eviction court, the parties reached a settlement. The written settlement provided that in exchange for Stonedry paying Ridgeland the sum of $80,000, Ridgeland agreed not to contest the tax deed proceedings and to allow Stonedry to

obtain a tax deed. The written settlement also provided that Ridgeland would surrender immediate possession of the building to Stonedry, except that Ridgeland could occupy a specified space in the building until April 1, 2016. An individual, Andres Schcolnik, signed the written agreement on behalf of Stonedry as a "member" of Stonedry.

¶ 6    Ridgeland did not surrender possession to Stonedry on April 1, 2016 as specified in the written agreement. Stonedry subsequently filed a forcible detainer action against Ridgeland to evict Ridgeland from the space it was allowed to possess under the written agreement. After Stonedry filed an eviction case, Ridgeland filed the underlying complaint at issue in this case alleging there was an oral agreement between Ridgeland and Stonedry modifying the terms of the written agreement, which Stonedry breached. The parties engaged in pretrial discovery. Ridgeland learned through discovery that Stonedry was organized as a manager-managed LLC and that the only members of Stonedry were Gammadock LLC and S. Bronze LLC. However, Schcolnik signed the settlement agreement as a "member" of Stonedry.

¶ 7    Before trial, Ridgeland filed a trial brief in which it argued the written agreement was void because an unauthorized person signed the agreement for Stonedry:

> "Regarding the existence of a contract, as the footnote at page 2 pointed out, Ridgeland learned through discovery only after the complaint was filed that Schcolnik neither was then or is now a member or manager of the manager-managed Stonedry, LLC. (He thus could not, as matter of law, bind Stonedry to anything including the Settlement Agreement. See 805 ILCS 180/13-5 *et seq*.) The evidence and law will show that the December 1, 2015 Settlement Agreement thus was invalid because Schcolnik couldn't and didn't bind Stonedry to that agreement or any other."

¶ 8     The trial court conducted a bench trial, and on July 12, 2019, entered judgment for Stonedry. The court found plaintiff's testimony that an oral agreement existed not credible. The court also considered and expressly rejected Ridgeland's claim that it would not have entered into the written agreement if it knew Schcolnik was not authorized to act for Stonedry. In its written order the trial court held:

> "Lastly, Plaintiffs' claim that they would not have entered into the
> agreement had they known that Andres Schcolnik was [not] the member of the
> member LLC rings hollow. In fact, Plaintiffs are not even a party permitted to
> complain about Schcolnik not having authority to act; such a complaint is solely
> for Stonedry to make."

¶ 9     Ridgeland did not file a posttrial motion. Ridgeland initially applied to the trial court for an extension of time to file a notice of appeal. However, the motion was not filed within 30 days of the judgement as required by Illinois Supreme Court Rule 303 (eff. Jul 1, 2017). Ridgeland did not request an extension of time from the appellate court to file a notice of appeal but instead, on October 2, 2019, filed the 2-1401 petition that is the subject of this case.

¶ 10     In its 2-1401 petition Ridgeland argued that the written agreement and the trial court's judgement were void because the written agreement was not signed by a person authorized to act for Stonedry and the judgment was obtained through fraud. Ridgeland argued that Andres Schcolnik committed fraud when he falsely represented that he was a member of Stonedry and authorized to act for Stonedry. Ridgeland also argued that the attorneys for Stonedry were retained by Andres Schcolnik, who was not authorized to act for Stonedry; therefore, all the actions by the attorneys hired by Schcolnik were unauthorized and therefore void including the tax deed petition and defense of this case. Ridgeland alleged Schcolnik's actions, purportedly

undertaken for manager-managed Stonedry, in both the tax deed proceeding and in the law division suit arising therefrom, are legal nullities and a fraud on both courts.

¶ 11    Stonedry argued that Ridgeland is attempting to use a 2-1401 petition as a substitute for an appeal. Stonedry's section 2-615 motion to dismiss argued Ridgeland failed to show a meritorious cause of action and due diligence as required by section 2-1401. Stonedry argued the judgment was not void because the trial court had jurisdiction of the parties and the subject matter, therefore Ridgeland was required to demonstrate a meritorious claim and due diligence. The trial court found Ridgeland failed to allege a meritorious claim and due diligence and dismissed the petition. Ridgeland filed a timely notice of appeal from the denial of the 2-1401 petition.

¶ 12    This appeal followed.

¶ 13                            ANALYSIS

¶ 14    On appeal Ridgeland argues the trial court erred when it dismissed its 2-1401 petition for failure to allege due diligence and a meritorious claim. Ridgeland argues it is excused from alleging due diligence and a meritorious claim because the judgment is void. According to Ridgeland, the actions purportedly taken by Stonedry were actually actions by Schcolnik, Schcolnik was not authorized to act for Stonedry, and his actions and the unauthorized acts of the attorneys he hired render the judgment void. Ridgeland argues that because the judgment is void it were not required to plead due diligence and a meritorious claim, and the trial court erred when it dismissed the 2-1401 petition for failure to allege due diligence and a meritorious claim. Ridgeland further argues that all actions taken by Schcolnik on behalf of Stonedry, including signing the written agreement and hiring lawyers to prosecute the tax deed proceedings and defend this case, are unauthorized. Ridgeland argues that since the attorneys were not authorized

by Stonedry, all their actions and the judgments resulting from their actions are void, excusing Ridgeland from the statutory requirement to plead due diligence and a meritorious claim in the 2-1401 petition. Finally, Ridgeland argues that Schcolnik's act of signing the written agreement as a "member" was fraud, and because the judgement was based on fraud, Ridgeland is excused from pleading due diligence and a meritorious claim.

¶ 15    Stonedry responds Ridgeland is attempting to use the 2-1401 petition as a substitute for an appeal. Stonedry argues that the trial court had jurisdiction of the parties and subject matter, therefore the judgment is not void, and Ridgeland was required to plead due diligence and a meritorious claim.

¶ 16    This court has jurisdiction of this appeal from an order denying a 2-1401 petition. Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 17                                STANDARD OF REVIEW

¶ 18    This is an appeal from a dismissal under section 2-615 of a 2-1401 petition. To be entitled to relief from a final judgment or order under section 2-1401, the petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Warren County Soil and Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37 (citing *Smith v. Airoom*, 114 Ill. 2d 209, 220-21 (1986)). Petitions pursuant to section 2-1401 are essentially complaints inviting responsive pleadings. See *Ostendorf v International Harvester Co.*, 89 Ill. 2d 273, 279 (1982) ("The petition is in fact a new action and is subject to the usual rules of civil practice."). The petition is subject to dismissal for want of legal or factual sufficiency. *Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505 (1960). Thus, the petition may be

dismissed upon a challenge that, even taking its allegations as true it does not state due diligence or a meritorious claim under section 2–1401 case law. "Like a complaint, the petition may be challenged by a motion to dismiss for its failure to state a cause of action or if, on its face, it shows that the petitioner is not entitled to relief." *Klein v. LaSalle National Bank*, 155 Ill. 2d 201, 205 (1993) (citing *Ostendorf*, 89 Ill. 2d at 279-80; *Brockmeyer*, 18 Ill. 2d at 505).

¶ 19    However, the statutory requirement to allege due diligence and a meritorious claim may be excused if the judgment was procured by fraud. "A judgment entered by a court, otherwise exercising proper jurisdiction, is open to collateral attack where fraud existed in its procurement." *Doctor's Associates, Inc. v. Duree*, 319 Ill. App. 3d 1032, 1043 (2001).

¶ 20                          JUDGMENT IS NOT VOID

¶ 21    We will first consider whether the underlying judgment is void. Our supreme court has determined that a trial court judgement is void only when the court lacks jurisdiction of the parties and the subject matter:

> "As we held in *Steinbrecher*, whether a judgment in a civil lawsuit that does not involve administrative law is void rests *solely* on whether the circuit court which entered the challenged judgment possessed jurisdiction over the parties and the subject matter. [Citation.] If the circuit court 'had both subject matter jurisdiction and personal jurisdiction over the parties [then] the judgment is not "void." ' [Citation.]" (Emphasis added.) *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 48 (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530-31 (2001)).

¶ 22    A review of the record shows the trial court had personal jurisdiction of the parties when it entered the judgment. When Ridgeland filed its complaint for breach of contract, it submitted

to the jurisdiction of the court and invoked the jurisdiction of the trial court to hear its claim. *Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994) (court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition). After the complaint was filed, Ridgeland had the sheriff of Cook County serve both defendants with the complaint and summons. We find the trial court acquired personal jurisdiction of Ridgeland when it filed its complaint and the court acquired personal jurisdiction of Stonedry and the Sheriff of Cook County when they were served. *Id.*; *Department of Healthcare & Family Services ex rel. Hodges v. Delaney*, 2021 IL App (1st) 201186, ¶ 29 ("Serving a copy of a summons and complaint on a party-defendant is an essential part of the litigation process and allows a court to obtain personal jurisdiction over that defendant.").

¶ 23       Ridgeland alleges that because the attorneys Schcolnik hired were not authorized by Stonedry their actions defending this case were void and Stonedry did not authorize any defense to this case. Ridgeland argues the lack of a defense in the case renders the judgment in their favor void. In support, Ridgeland cites *Stone Street Partners v City of Chicago*, 2014 IL App (1st) 123654. In that case a building owned by Stone Street Partners was cited for code violations. *Stone Street Partners*, 2014 IL App (1st) 123654, ¶ 1. The record did not show Stone Street was ever served notice of an administrative hearing; however, on the hearing date a layperson who was a caretaker for one of the partners filed an appearance on behalf of Stone Street Partners. *Id.* ¶¶ 3-5. None of the partners authorized the individual to file the appearance. *Id.* ¶ 5. However, a judgment was entered against Stone Street for the violations. *Id.* ¶ 4. Ten years later Stone Street learned about the judgment and filed a petition before the administrative agency to have the judgment vacated, arguing they never received notice. *Id.* ¶ 5. The petition was denied with prejudice by the hearing officer because more than 10 years had elapsed and the

hearing officer held he did not have jurisdiction. *Id.* The circuit court of Cook County denied relief. *Id.* ¶ 14. The appellate court affirmed in part and reversed in part and remanded for further proceedings. *Id.* ¶ 34.

¶ 24 The parties filed cross-appeals to our supreme court. *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2017 IL 117720. Our supreme court found that the appellate court concluded that Stone Street had not, in fact, been afforded the necessary notice and opportunity to be heard prior to entry of the September 9, 1999 judgment against it, and that Stone Street could not be deemed to have waived its objection to proper notice based on the layperson's participation at the September 9 hearing. *Stone Street Partners, LLC*, 2017 IL 117720, ¶ 17. Our supreme court affirmed the appellate court. *Id.* ¶ 39. The court held that the unauthorized appearance on behalf of Stone Street, even if had been filed by a licensed attorney, did not submit it to the jurisdiction of the court because it was not authorized. *Id.* ¶¶ 28-29.

> "A defendant does not waive objection to a tribunal's exercise of jurisdiction based on the participation of a person who has not been authorized by the defendant, expressly or impliedly, to appear on its behalf, and there is no proof of ratification. That is so even if the purported representative is a licensed attorney." *Id.* ¶ 28.

¶ 25 Ridgeland argues the appearance by the attorneys in this case was not authorized and therefore, like in *Stone Street*, there was no jurisdiction and the judgment is void. However, *Stone Street* can be distinguished from this case. Our supreme court rejected the argument Stone Street submitted to the jurisdiction of the court by the filing of an appearance by a person who was not authorized to file an appearance. *Id.* Therefore, Stone Street did not submit to the jurisdiction of the court as a result of the appearance being filed. *Id.* ¶ 35.

¶ 26   In contrast, in this case the trial court had already acquired personal jurisdiction of Stonedry before the allegedly unauthorized attorneys appeared in the case because the sheriff served the defendants with the summons and complaint. The allegedly unauthorized attorneys did nothing to divest the trial court of the personal jurisdiction it had already validly obtained over Stonedry when the sheriff served it with the complaint and summons. Because Ridgeland submitted to the jurisdiction of the court when it filed the complaint and the defendants were duly served with summons and complaint, we conclude that the trial court had personal jurisdiction of the parties when it entered its judgment.

¶ 27   Next, we consider whether the trial court had jurisdiction of the subject matter. "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *In re M.M.*, 156 Ill. 2d 53, 65 (1993) (citing Ill. Const. 1970, art. VI, § 9). Under section 9 of article VI, that jurisdiction extends to all "justiciable matters." Ill. Const. 1970, art. VI, § 9. Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter. See *People ex rel. Scott v. Janson*, 57 Ill. 2d 451, 459 (1974) (if a complaint states a case belonging to a general class over which the authority of the court extends, subject matter jurisdiction attaches). The constitution does not define "justiciable" matter but our courts have.

"Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. [Citations.]" *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002).

¶ 28     In this case, Ridgeland filed a complaint alleging that Stonedry breached an oral agreement. The dispute between Ridgeland and Stonedry was definite and concrete, was not hypothetical or moot, and was appropriate for review. Clearly the parties had adverse interests. We conclude that the issue of whether an oral contract was breached is a justiciable matter, and since the circuit court has jurisdiction of all justiciable matters, it had subject matter jurisdiction of this case.

¶ 29     The trial court had personal jurisdiction of the parties and subject matter jurisdiction of the dispute; therefore, the judgment is not void. Ridgeland is not excused from the requirement that 2-1401 petitioners plead due diligence and a meritorious claim because the court lacked personal and subject matter jurisdiction when it entered the judgment. Therefore, we next examine whether Ridgeland may collaterally attack the judgment on the basis the judgment was procured through fraud, thereby excusing the need to establish due diligence and a meritorious claim in the petition.

¶ 30                          THE FRAUD ALLEGATIONS

¶ 31     Ridgeland argues Schcolnik fraudulently misrepresented his authority to act for Stonedry throughout the court proceedings. Ridgeland claims Schcolnik was not authorized to hire lawyers to prosecute the tax deed case, file the eviction case, defend this case, and Schcolnik was not authorized to sign the written agreement. Ridgeland correctly states that courts have excused the requirement to establish due diligence and a meritorious claim when a judgement is procured through fraud; however, only fraud that is extrinsic, as opposed to intrinsic, will render a judgment unenforceable. This court has held:

          "Not all fraud, however, renders a judgment void. [Citation.] An order is

          rendered void not by error or impropriety but by lack of jurisdiction by the issuing

- 11 -

court. [Citation.] Where fraud prevented a court from acquiring jurisdiction or merely gave the court colorable jurisdiction, sometimes referred to as 'extrinsic fraud,' the judgment obtained as a result is void. [Citation.] Extrinsic fraud occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit. [Citation.] Such fraud has the purpose and effect of preventing the court from acquiring personal jurisdiction over the unsuccessful party. [Citation.]" (Internal quotation marks omitted.) *American Advisors Group v. Cockrell*, 2020 IL App (1st) 190623, ¶ 24.

By contrast, intrinsic fraud is fraud that occurs after the court acquires jurisdiction, such as false testimony, and goes to the merits of the case. See *Duree*, 319 Ill. App. 3d at 1043.

¶ 32    In this case, Ridgeland accuses Schcolnik of misrepresenting his status and authority when he acted for Stonedry. Ridgeland alleges Schcolnik testified falsely and misrepresented his authority to enter into agreements on behalf of Stonedry. However, Schcolnik's misrepresentations did not prevent Ridgeland from having a fair opportunity to present its case. The 2-1401 petition filed by Ridgeland alleges intrinsic fraud. Only extrinsic fraud is recognized by the courts as a basis to vacate a judgment entered by a court with both personal and subject matter jurisdiction. *American Advisors Group*, 2020 IL App (1st) 190623, ¶ 24. Because the fraud complained of by Ridgeland is intrinsic fraud, Ridgeland may not collaterally attack the judgment as void on the basis of the alleged fraud committed by Schcolnik.

¶ 33    We conclude the fraud allegations in the 2-1401 petition filed by Ridgeland fail to state a claim under section 2-1401 because, taking Ridgeland's factual allegations as true, Ridgeland has not alleged extrinsic fraud, Ridgeland has not alleged due diligence or a meritorious claim,

and, therefore, Ridgeland has failed to state any grounds for relief. We affirm the trial court's dismissal of the petition under section 2-615 because Ridgeland has failed to state a legally sufficient claim under section 2-1401 law to vacate the judgment.

¶ 34                          AMENDMENT OF PETITION

¶ 35    Finally, Ridgeland alleges the trial court abused its discretion when it dismissed it's 2-1401 petition and refused to allow Ridgeland to amend the petition. We find no evidence in the record that the trial court refused a request to amend the petition. There is no written motion in the record nor is there a transcript from which we can determine whether an oral motion to amend was made.

¶ 36    More  importantly, assuming Ridgeland made an oral motion to amend, there is no evidence Ridgeland ever tendered  a proposed amended petition to the trial court. Ridgeland has therefore waived any error. A plaintiff's failure to tender an amended complaint diminishes the appellate court's ability to determine whether the proposed amendment would have provided a viable cause of action and constitutes waiver of the right to review of the denial of a request for leave to amend. *Mendelson v. Ben A. Borenstein & Co.*, 240 Ill. App. 3d 605, 619 (1992). "The plaintiff's proposed amended complaint does not appear in the record; the plaintiff's failure to make it a part of the record waives his right to have this court review the trial court's denial of his motion." *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 521 (1987).

¶ 37     In this case Ridgeland did not make a proposed amended 2-1401 petition a part of the record; therefore, it has waived  any issue that the court improperly denied leave to amend.

¶ 38                          RULE 375(b) SANCTIONS

¶ 39    Stonedry argues that the appeal is frivolous and filed for the improper purpose of delaying the proceedings. We agree.

"An assessment of Rule 375(b) sanctions is a matter of our discretion. [Citation.] We apply an objective standard to determine whether an appeal is frivolous, considering whether it would have been brought in good faith by a reasonable, prudent attorney. [Citations.]" *Victim A. v. Song*, 2021 IL App (1st) 200826, ¶ 25.

¶ 40   This court has previously found that Ridgeland failed to abide by the parties' agreed order of December 1, 2015, and instead sought to circumvent their agreements by filing dilatory pleadings. *In re Application of the County Treasurer of Cook County, Illinois for General Taxes for the Years 2009-2011 (Stonedry, LLC v. The Ridgeland Corp.)*, 2019 IL App (1st) 171539-U, ¶ 56. More importantly, appellants' arguments in this appeal find no support in the record or in case law. We find that no reasonably prudent attorney acting in good faith would have brought this appeal. Therefore, we remand to the trial court for the sole purpose of assessing fees and costs for defending this appeal against appellants.

¶ 41   Accordingly, the trial court's judgment is affirmed, and the cause remanded with instructions.

¶ 42                                CONCLUSION

¶ 43   We affirm the judgment of the trial court and remand this matter to the trial court solely for the purpose of assessing costs and attorney fees against appellants.

¶ 44   Affirmed and remanded, with instructions.