2024 IL App (1st) 231490-U
No. 1-23-1490

FIRST DIVISION
October 15, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16 CR 3447 |
| | ) | |
| TRAVIS THOMPSON, | ) | |
| | ) | The Honorable |
| Petitioner-Appellant. | ) | Timothy J. Joyce, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held:* (1) The *ex parte* dismissal of petitioner's 2-1401 petition violated his right to procedural due process. (2) The violation of petitioner's procedural due process was subject to harmless error analysis. (3) The dismissal of petitioner's 2-1401 petition was harmless error.

¶ 2    Petitioner Travis Thompson appeals the circuit court's denial of his 2-1401 petition following an *ex parte* hearing. He argues that the *ex parte* dismissal of his 2-1401 petition without notice or an opportunity to respond deprived him of his right to due process. He further contends that the error is not subject to harmless error analysis. We affirm.

¶ 3                                BACKGROUND

¶ 4        On March 4, 2016, a grand jury indicted petitioner with eight counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5); (a)(2), (a)(3)(A-5); (a)(1), (a)(3)(C); (a)(1), (a)(3)(I); (a)(2), (a)(3)(I) (West 2016)) ("AUUW"). The indictment alleged that on or about February 13, 2016, petitioner knowingly carried a loaded, uncased, and immediately accessible firearm on his person and without a valid concealed carry license ("CCL") or firearm owner's identification ("FOID") card.

¶ 5        Following a stipulated bench trial, the circuit court found petitioner guilty of aggravated unlawful use of a weapon. The court sentenced petitioner to one year of imprisonment (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (d)(2) (West 2016)). We affirmed his conviction and sentence on direct appeal. *People v. Thompson*, 2019 IL App (1st) 162437-U.

¶ 6        On May 15, 2023, petitioner filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 2-1401(f) (West 2022)). In his 2-1401 petition, he alleged that his conviction was void and unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116. On July 17, 2023, the circuit court held an *ex parte* hearing on his 2-1401 petition. The State informed the circuit court that they objected to vacating petitioner's conviction because his charges did not violate *Aguilar*. The circuit court agreed and dismissed his petition:

> "According to my notes, he was found guilty on August 8th, 2016, in the 2016 case, 16 CR 3447, and was sentenced on Count 1 to one year in the Illinois Department of Corrections. Count 1 is, in fact, a count which complies with *Aguilar*. Hardly a surprise, since it related to events alleged to have occurred on February 13th, 2016, three years after *Aguilar* had been decided. The matter was, in any event, affirmed on appeal. So this petition on 16 CR 3447 will be denied."

Defendant appealed.

¶ 7                                ANALYSIS

¶ 8        On appeal, petitioner argues that the *ex parte* dismissal of his 2-1401 petition without notice or an opportunity to respond deprived him of his right to due process. The State agrees but argues that the error was harmless. Petitioner responds that harmless error analysis does not apply to his due process violation.

¶ 9        "A procedural due process claim presents a legal question subject to *de novo* review." *People v. Cardona*, 2013 IL 114076, ¶ 15. An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art 1, § 2. "The fundamental requirements of due process are notice of the proceedings and an opportunity to present any objections." *Cardona*, 2013 IL 114076, ¶ 15. "The right entitles an individual to 'the opportunity to be heard at a meaningful time and in a meaningful manner.' " *People v. Stoecker*, 2020 IL 124807, ¶ 17 (quoting *In re D.W.*, 214 Ill. 2d 289, 316 (2005)).

¶ 10        Section 2-1401 of the Code provides a comprehensive statutory scheme by which final orders, judgments, and decrees may be vacated after 30 days from their entry. *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 17. "[S]ection 2-1401 is a civil remedy that extends to criminal cases***." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). "Section 2-1401 petitions are essentially complaints inviting responsive pleadings." *Id*. " 'Like a complaint, the petition may be challenged by a motion to dismiss for its failure to state a cause of action or if, on its face, it shows that the petitioner is not entitled to relief.' " *Id*. (quoting *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 205 (1993)). "As such, 'basic notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to, any more or responsive pleadings by the State.' " *People v. Wells*, 2023 IL 127169, ¶ 25 (quoting *Stoecker*, 2020 IL 124807, ¶ 20).

¶ 11   Our supreme court held in *Stoecker* that a section 2-1401 petitioner's due process rights were violated when the circuit court dismissed his petition during an *ex parte* hearing without notifying the petitioner or allowing him a meaningful opportunity to respond to the State's motion to dismiss. *Stoecker*, 2020 IL 124807, ¶ 22. Accordingly, we agree with the parties that the circuit court's ruling in this case denied petitioner his procedural due process rights.

¶ 12   However, "most errors of constitutional dimension are subject to harmless error analysis." *Stoecker*, 2020 IL 124807, ¶ 23. "Application of harmless error analysis is predicated on the idea that an individual's interest in an error-free proceeding must be balanced against society's interests in finality and judicial economy." *People v. Pingelton*, 2022 IL 127680, ¶ 44. Considering the need to balance those competing interest, only a structural error requires automatic reversal. *Id*. An error qualifies as a structural error when the error has " 'consequences that are necessarily unquantifiable and indeterminate.' " *Stoecker*, 2020 IL 124807, ¶ 24. In *Stoecker*, our supreme court held that a lack of notice and the denial of a reasonable opportunity to respond to a dispositive motion in section 2-1401 proceeding was not a structural error requiring automatic reversal. *Id*. ¶ 25.

¶ 13   On the facts of this case, the procedural error at issue is not one that is "necessarily unquantifiable and indeterminate; rather, the impact is one that can be quantified." *Id*. ¶ 25. Thus, it is amendable to harmless error review. *Id*. "We will deem an error harmless where the petitioner's claims are 'patently incurable as a matter of law' and no additional proceedings would result in the petitioner's prevailing on his *** claims." *Wells*, 2023 IL 127169, ¶ 26 (quoting *Stoecker*, 2020 IL 124807, ¶ 26).

¶ 14   Here, petitioner argued in his petition that his conviction was void and unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116. In *Aguilar*, our supreme court held that section

24-1.6(a)(1), (a)(3)(A) of the AUUW statute is facially unconstitutional. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2022); *Aguilar*, 2013 IL 112116, ¶ 22; see *People v. Burns*, 2015 IL 117387, ¶ 25. Petitioner was not charged or convicted under section 24-1.6 (a)(1), (a)(3)(A) of the AUUW statute which states:

> "[a] person commits the offense of aggravated unlawful use of a weapon when he or she knowingly carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm [and] the firearm, other than a pistol, revolver, or handgun, possessed was uncased, loaded, and immediately accessible at the time of the offense." 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2022).

¶ 15       Petitioner was charged under subsections (a)(3)(A-5), (a)(3)(C), and (a)(3)(I), and convicted under subsection (3)(A-5) of the AUUW statute. *Id.* § 5/24-1.6(a)(1), (a)(3)(A-5); (a)(2), (a)(3)(A-5); (a)(1), (a)(3)(C); (a)(1), (a)(3)(I); (a)(2), (a)(3)(I). Section 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute states:

> "[a] person commits the offense of aggravated unlawful use of a weapon when he or she knowingly carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm [and] the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense *and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act*." (Emphasis added.) 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2022).

This court has consistently held that subsections (a)(3)(A-5), (a)(3)(C), and (a)(3)(I) are facially constitutional. *People v. Gunn*, 2023 IL App (1st) 221032, ¶¶ 19, 29; *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 61.

¶ 16    Accordingly, petitioner's claims that his conviction are void and unconstitutional under *Aguilar* are "patently incurable as a matter of law" since he was not charged or convicted under subsection (a)(3)(A) of the AUUW statute, thus; the procedural error at issue was harmless. *Wells*, 2023 IL 127169, ¶ 26 (quoting *Stoecker*, 2020 IL 124807, ¶ 26).

¶ 17                                        CONCLUSION

¶ 18    For the reasons stated above, we affirm the denial of petitioner's section 2-1401 petition.

¶ 19    Affirmed